## Dow v. Pearce.

(Decided December 17, 1926.)

## Appeal from Allen Circuit Court.

Judgment—Failure, Through Mistake of Nonresident Counsel to Take and File Proof, Held Not Ground for New Trial (Civil Code of Practice, Section 518).—Where plaintiff consulted attorney in state of his residence, who mistakenly advised him that he could testify orally at certain trial, and plaintiff did not take or file proof in that suit, and judgment was rendered against him, he was not entitled to new trial on ground of unavoidable casualty or misfortune, under Civil Code of Practice, section 518.

N. F. HARPER for appellant.

BYRON RENFREW and W. D. GILLIAM for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—
Affirming.

Prior to the April, 1924, term of the Allen circuit court there was pending therein an equity action, the style of which was Ida E. Pearce, plaintiff, v. Arthur E. Dow, defendant, and we learn (only from the briefs) that it was filed on August 16, 1921, and we will hereafter refer to it as suit "No. 1." Plaintiff therein sought the cancellation of two contracts whereby Dow (plaintiff herein) sold to her two oil leases on two small tracts of land in Allen county, and for which she paid him a consideration of $5,000.00 each or a total of $10,000.00, upon the ground that each assignment or transfer to her was without consideration, fraudulent and void. She prayed that the assignments or transfers be cancelled and that she recover from Dow the considerations paid, with interest. We infer that all pleadings were filed therein so as to form an issue, though it does not so expressly appear from this record. At any rate, plaintiff therein took her proof in March, 1923, and filed it in the cause. Both she and Dow were nonresidents of the state, each of them residing in Boston, Massachusetts. The latter, it appears, took no proof and at the April, 1924, term the cause was submitted for judgment and there being no testimony in the case except that of plaintiff therein the court rendered judgment in accordance with the prayer of her petition. In November, 1924, this action was filed

in the same court by Dow against Mrs. Pearce, seeking a new trial of the judgment rendered in suit No. 1 under the provisions of section 518 of the Civil Code of Practice, upon the ground of "unavoidable casualty or misfortune" by which he was prevented from taking and filing his testimony in that action and from appearing and defending it. A demurrer was filed and sustained to his petition and he declined to plead further, whereupon the court dismissed it, and complaining of that judgment he prosecutes this appeal.

The "unavoidable casualty" relied on in the petition consists of these facts as set out therein: That plaintiff herein employed counsel residing in his home city of Boston to represent him in suit No. 1, and that such employed counsel was unfamiliar with the practice in this Commonwealth and entertained the opinion that his client would be entitled to testify orally at the trial of that suit, and so informed the latter, who, acting upon the truth of such information, did not take or file his proof in that suit and but for which he would have done so. The petition does not state that plaintiff had not employed local counsel who was familiar with the practice, or state any reason why such local counsel had not been employed if that was the fact.

Surely, it can not successfully be contended that the failure of plaintiff to employ local counsel, who at least presumably would be familiar with the local practice, would be the exercise of due diligence in the preparation and practice of his case; and if he suffered because of such omission he could not be relieved thereof on the ground that his calamity was due to a cause that ordinary prudence on his part could not have guarded against. However, if he had employed local counsel and that counsel had informed him as did his foreign counsel, it would then not suffice to authorize the granting to him of a new trial in this character of action upon the ground herein relied on and which we expressly so held in the recent case of Commonwealth v. Fidelity and Columbia Trust Company, 185 Ky. 300. In that case the "unavoidable casualty" relied on was a misconception or an error of judgment on the part of counsel as to the legal rights of his client, and we held that such errors and mistakes did not constitute "unavoidable casualty or misfortune" within the Code, although this court at

that time had theretofore adjudged the law to be as counsel interpreted it, but which was afterwards overruled. In determining the limits of the "unavoidable casualty or misfortune" that would authorize the granting of a new trial under the Code section we said, in the opinion referred to, that: "The unavoidable casualty or misfortune that would authorize the granting of a new trial means some casualty or misfortune growing out of conditions or circumstances that prevented the party or his attorney from doing or having done something that except for the casualty or misfortune would have been done, and it does not include mistakes or errors of judgment growing out of a misconstruction or misunderstanding of the law, whether it be found in the form of statutes or court opinions, or embrace the failure of parties or counsel through mistake to avail themselves of remedies which if resorted to would have prevented the casualty or misfortune asserted."

If, therefore, plaintiff would not be entitled to a new trial upon the grounds relied on when the erroneous advice had been given him by *local* counsel familiar with the local practice *a fortiori* would he not be entitled to such relief when the erroneous advice was given him by *foreign* counsel, who, according to the allegations of the petition, was unfamiliar with the local practice. Neither did such advice excuse plaintiff from at least appearing in the local court for the purpose of testifying in his cause, objecting to the submission, or taking such steps as would protect his interest therein, none of which does it appear that he did in this case. On the contrary, so far as appears, he remained at his home in Boston without ever appearing either in person or by attorney in the Allen circuit court and suffered it without objection to submit the cause twelve months after plaintiff in suit No. 1 had filed her proof, followed by the judgment complained of. Instead of his being entitled to the relief he seeks, we feel that we can truthfully say that the record presents a case where the litigant was guilty of the grossest carelessness and negligence in protecting his interest involved in the litigation.

The court, therefore, did not err in sustaining the demurrer to his petition and dismissing it, and the judgment is accordingly affirmed.