## McGuire, et al. v. Mishawaka Woolen Mills, et al.

(Decided February 25, 1927.)

Appeal from Madison Circuit Court.

1. New Trial—New Trial, Sought by Action After Judgment, Must be for Grounds and Facts Dehors Record.—A new trial, sought by action against execution plaintiff and sheriff after judgment,

must be for grounds and facts dehors the record, as proper remedy is by appeal if they appear in record.

2. New Trial—Neglect of Attorneys, Promising Another Attorney to Represent His Clients, Would be Attributable to Clients.—Neglect of attorneys, promising or agreeing with another attorney to represent his clients at term when default judgment was taken against them, would be attributable to clients as if they directly employed such attorneys.

3. New Trial—Abandonment of Defense Held Not Justified by Statement of Plaintiff's Attorney that he Thought There was Nothing Against Defendants (Civil Code of Practice, Section 518, Subsec. 7).—Statement by plaintiff's attorney, after taking defendants' depositions, that he did not think there was anything against them, but might want to use them in future, would not justify abandonment of defense, so as to warrant new trial after default judgment on ground of unavoidable casualty, under Civil Code of Practice, section 518, subsec. 7.

4. New Trial—Disarming Statement of Plaintiff's Attorney Would Not Warrant New Trial After Default Judgment for Fraud, Where Plaintiff's Counsel Afterwards Notified Defendants When Answer was Due (Civil Code of Practice, Section 518, Subsec. 4).—Statement of plaintiff's attorney, after taking defendants' depositions, that he did not think there was anything against them but might want to use them in future, would not warrant new trial after default judgment on ground of fraud, under Civil Code of Practice, section 518, subsec. 4, where defendants' counsel was twice notified by plaintiff's counsel over a year afterward that demurrer to petition had been overruled and that answer was due at certain term.

5. New Trial—"Unavoidable Casualty or Misfortune," Warranting New Trial After Default Judgment, Does Not Include Neglect of Litigant or His Counsel (Civil Code of Practice, Section 518, Subsec. 7).—"Unavoidable casualty or misfortune," for which new trial after default judgment may be granted, under Civil Code of Practice, section 518, subsec. 7, does not include neglect of litigant or his counsel; the former being charged with latter's neglect and due diligence required of both.

H. S. McGUIRE and BURNAM & GREENLEAF for appellants.

WALLACE & WIGGINS for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

In November, 1923, the appellee, Mishawaka Woolen Mills Manufacturing Company, an Indiana corporation, held two notes against the S. E. Welsh Department Store, a corporation doing business in Berea, Kentucky, of $555.92 each, and on the 28th day of that month it filed its equity petition against the latter, its stockholders (among

whom were appellants and plaintiffs below in this action, Scott T. McGuire and W. T. Lutes), and against some transferees of the corporate defendant, in which it alleged that the stockholding defendants were each indebted to the corporate defendant for unpaid stock subscriptions in a sum more than sufficient to satisfy plaintiffs' debt and, also alleged that the stockholders had disposed of all the corporate assets, aggregating as much as $75,-000.00, and had appropriated to their use, and of that sum each of them received more than the amount of plaintiffs' debt, and it prayed judgment against the individual stockholders, including appellants and plaintiffs herein, for its debt, interest and cost.

Appellants as defendants in that cause employed Henry S. McGuire, an attorney of the Lexington bar and a brother to appellant Scott T. McGuire, to defend them in that suit, and on January 2, 1924, he filed on behalf of his clients a demurrer to that petition and it was continued from term to term until October, 1925, when it was overruled and defendants (appellants here) were given until the following February, 1926, term to answer the petition. They failed and neglected to do so and before the expiration of the latter term default judgment was taken against them for the amount of the debt of the Indiana corporation, the plaintiff in that action, and the defendant in this one. Execution issued on that judgment and this action was filed against the plaintiff in the execution, and the sheriff of Madison county who held it, to enjoin its collection and to obtain a new trial of the action in which the judgment was obtained upon the ground of "unavoidable casualty" preventing plaintiffs from appearing and defending that action, and which remedy is given by subsection 7 of section 518 of the Civil Code of Practice. The answer denied the grounds relied on in the petition and after submission of proof the court dismissed the petition and appellants, who were the plaintiffs below, prosecute this appeal therefrom.

At the outset it may be stated that a new trial sought in this manner must be for grounds and facts *dehors* the record, since if they appear in the record the proper remedy is by appeal from the judgment. Duncan v. Allender, 110 Ky. 828, and Rice v. Blair, 161 Ky. 280. Shortly after the filing of the petition in the action in which the judgment was obtained, plaintiff therein (de-

fendant and appellee here) took the depositions of appellants, McGuire and Lutes, as on cross-examination, and it is claimed by them and their counsel that attorney for the plaintiff in that cause announced after the taking of those depositions that "I do not think there is anything against them (McGuire and Lutes), but I may want to use them in the future;" but the attorney who is alleged to have made that statement positively denies it, and in addition to his denial appellant, McGuire, visited that attorney's office and endeavored to procure him to dismiss the action as against McGuire and Lutes, and the attorney declined to do so. Moreover, H. S. McGuire, the employed attorney for appellants, resided at Lexington, Kentucky, only a short distance from Richmond, the county seat of Madison county where the action was pending, and he was twice notified that his demurrer to the petition was overruled, and that an answer was due at the February, 1926, term. Appellants' counsel, after he was so notified, made no effort himself to prepare or file an answer although he had ample time thereafter to do so; but he did telephone to and write to the law firm of Burnam & Greenleaf at Richmond, who represented other stockholders in the S. E. Welsh Department Store who were also defendants in the original action, concerning the filing of an answer for his clients, but neither of the members of that firm promised or agreed to do so and stated that they represented other clients in the original cause, and they again notified appellants' counsel of the time when an answer was due. The communications of appellants' counsel with Mr. Burnam revealed nothing more than that the latter was not an active participant in behalf of those defendants whom that firm had been employed to defend, but that the other member of the firm, Mr. Greenleaf, was attending to that matter; and on January 23, 1926, the latter wrote appellants' counsel this letter, omitting address and signature: "Answering yours of the 22nd, in the case of Mishawaka Woolen Manufacturing Company v. John Welch, etc., Judge Shackelford overruled the demurrer filed by Messrs. McGuire and Lutes to the petition, and gave them until the 1st day of the February term to file answer; the term begins on Monday, February 1st.".

Nowhere in the record does anything appear showing that the firm of Burnam & Greenleaf promised or agreed to represent appellants at the February, 1926, term

of the court when the default judgment was taken against them, but if it were otherwise, then their neglect, if any, would be attributable to their clients the same as if they had been directly employed by appellants. The latter admit that they took no further steps to defend the cause in which the judgment was obtained after the giving of their depositions as on cross-examination to which we have referred, and that they never heard from the case thereafter until execution issued on the judgment. Surely, so far as they personally are concerned, it could not be insisted that they exercised any sort of diligence in defending that action against them, and, as we have seen, the court under the evidence necessarily found that the alleged disarming conversation of counsel for appellees herein when the depositions of appellants were taken, either did not occur or that if it did it was not such as to justify appellants in abandoning the defense of the action against them, and we are not prepared to say that the court erroneously so held.

Independently, however, of that fact, the petition in this case does not rely upon any fraud practiced by the successful party or his counsel in the obtention of the judgment, which ground is embodied in subsection 4 of section 518 *supra;* but only relies upon subsection 7 of that section to obtain the new trial. If, however, subsection 4 of the section had been relied on, and if the conversation of counsel attributed to him had occurred as testified to by appellants, then, as we have seen, their counsel more than a year thereafter was twice notified by counsel for plaintiff in the judgment that his demurrer to the petition on behalf of appellants had been overruled and that an answer from them was due at the February, 1926, term of the court, and we have hereinbefore recited all that he did to defend the cause for his clients.

Whatever else the phrase "unavoidable casualty or misfortune" may include it is thoroughly settled by this and other courts that it does not include neglect on the part of the litigant or his counsel, since the former is responsible and is to be charged with the neglect of the latter, and the law demands the exercise of due diligence by both in the prosecution or defense of litigation. Kohlman v. Moore, 175 Ky. 710; Commonwealth v. Fidelity and Columbia Trust Co., 185 Ky. 300; Dow v. Pearce, 217 Ky. 202, and Peyton v. McQuown, 97 Ky. 757. Other cases

will be found in those opinions, while no case can be found wherein it was held that "unavoidable casualty" included neglect of either litigant or his attorney. The reason for so denying it is perfectly apparent and need not be recited here. That the failure of appellants to file answer in the original cause was due to neglect either of themselves or their counsel or both there can be no doubt, and we have searched the record in vain to find any fact furnishing a valid excuse therefor.

So concluding it necessarily follows that the court properly dismissed the petition in this case and refused to grant the new trial, and the judgment so determining is affirmed.