## Steuerle v. T. B. Duncan & Company.

(Decided October 18, 1927.)

(Rehearing Denied with Modification, November 29, 1927.)

### Appeal from Jefferson Circuit Court
### (Common Pleas Branch, Second Division).

1. Judgment.—Where defendant's affidavit showed that when summons was executed on him he thought his name was in face of summons pursuant to custom in clerk's office to place in face of summons name of agent of corporation sued, and that summons was for his employer, and his defense tendered, if established, was complete defense, default judgment should be set aside.
2. Judgment.—Courts should exercise their discretion in setting aside default judgments liberally, to end that justice may be done, when in so doing injustice is not done to another.

WALTER S. LAPP for appellant.

STANLEY NEWHALL for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

Appellee filed its petition in the Jefferson circuit court, alleging that appellant Joseph Steuerle and the

Walnut Street Amusement Company were indebted to it in the sum of $440.50. The allegation in the petition on which the right of recovery is predicated is that appellee sold and delivered to the appellant and to the Walnut Street Amusement Company a certain quantity of material for papering and decorating certain apartments. It is pointedly alleged that the material was sold to appellant, acting for himself, and as agent for the Walnut Street Amusement Company. Summons was issued against both of the defendants on the 10th day of November, 1926, and the return of the sheriff shows that summons was executed on appellant on the 6th day of December, 1926, and that summons was executed on the Walnut Street Amusement Company on December 4th by delivering a copy of the summons to appellant. On the 3d day of January, 1927, the action was set at rules by appellee, and on the 8th day of January appellee moved the court for a judgment. Its motion was submitted, and on the 22nd day of January the court sustained its motion and a default judgment was entered in favor of appellee against both of the defendants.

On the 10th day of February, 1927, an execution was issued on the judgment and placed in the hands of the sheriff, who returned it unsatisfied on the 27th day of February. A week after the execution was issued, the appellant appeared in court and filed a motion that the default judgment which had been entered against him in the action be set aside. At the same time he tendered his answer and moved the court to allow it to be filed. The court overruled both motions. The Walnut Street Amusement Company moved to quash the return on the summons and to set aside the judgment rendered against it on the ground that the summons was not executed on the chief officer of the company in Jefferson county. The court sustained the motion, and the return on the summons was quashed, and the judgment as to the amusement company vacated. An alias summons was issued against the Walnut Street Amusement Company on the same day, and this summons was executed on its president February 23, 1927.

In support of his motion to set aside the default judgment, appellant filed his affidavit, in which he showed that he was secretary and treasurer of the Walnut Street Amusement Company; that when the summons was executed on him he had no idea that a personal claim was

being made against him; that he thought the summons was for the Walnut Street Amusement Company, executed on him as its agent, and for that reason he gave the matter no attention, and made no defense when the action was set at rules. The defense which he tendered, if it should be established by the proof, is a complete defense to appellee's action.

On the 15th day of March, 1927, appellant renewed his motion that the judgment be set aside as well as the previous order overruling his motion to the same effect, and filed another affidavit by himself, and an affidavit by Mabel Canty, deputy circuit court clerk. In his affidavit he states that he was an employee of the Walnut Street Amusement Company, operating the Walnut Street Theatre in the city of Louisville; that the amusement company had rented the second story of the Walnut Street Building to one Harry Middleton; that during the building of the Kentucky Hotel damage was occasioned to the second story of the Walnut Street Theatre Building, and the premises of said Harry Middleton were damaged by the acts of the contractors building the said hotel; that there were then pending in the courts suits against the contractors both by Middleton and the amusement company; that the account sued on was incurred by Middleton; that no claim was ever made by appellee against the defendant personally growing out of the papering of the apartments occupied by Middleton, and that said bill was not incurred by appellant, and that he had no interest in it; that appellee first attempted to collect the bill out of Middleton, and, failing in that, then attempted to collect it from the amusement company, but never at any time made a claim against him; that when the summons was executed on him he thought that his name was in the face of the summons pursuant to a custom in the clerk's office to place in the face of the summons the name of the agent of a corporation when the suit was against a corporation.

The affidavit of Mabel Canty is to the effect that it is a custom in the preparation of a summons, where a corporation is sued, to include in the face of the summons the name of the agent of the corporation upon whom service of the summons should be made. Appellant in his affidavit reiterates the statement made in his first affidavit that it was because of this custom that he made no defense to the action. He stated that he immediately

called up the attorney of the Walnut Street Amusement Company and advised him that the company had been sued, and that he was informed by the attorney not to pay any attention to the summons, as it was improperly served upon the Walnut Street Amusement Company.

Appellee relies on the opinion of this court rendered in the case of McGuire v. Mishawaka Woolen Mills, 218 Ky. 530, 291 S. W. 747. That case was a proceeding under section 518, Civil Code, to obtain a new trial. There is a clear distinction between a motion to set aside a default judgment when the motion is made at the term at which the judgment is entered and a proceeding under section 518 of the Civil Code, as was clearly pointed out by this court in the case of Sally J. Thompson v. First National Bank's Receiver, 183 Ky. 69, 208 S. W. 320. In that case it was held that the grounds for setting aside the judgment and permitting defense to be made was wholly insufficient and inadequate under the provisions of section 518 of the Code. The court then said:

"A different rule prevails, when a motion is seasonably made to set aside a default judgment, during the same term at which it was rendered, from the rule which prevails when a new trial is sought after the term at which it was rendered, on the grounds of casualty or misfortune or a new trial when both litigants have participated."

In the case of Southern Insurance Company v. Johnson, 140 Ky. 485, 131 S. W. 270, the court, in discussing the power of the trial court to set aside a judgment by default at the same term at which it was rendered, said:

"The power of the court to set aside a default judgment at the term at which it is rendered is inherent, and not dependent on sections of the Code regulating the granting of new trials. This power is not to be exercised capriciously or granted as a favor, or withheld as a rebuke for shortcoming in practice. It is exercised as a judicial discretion. It will not depend upon whether the party applying can show himself strictly entitled to the legal relief under Code provisions regulating the granting new trials on ground of casualty and misfortune. But it will depend on whether the ends of justice will be furthered, and in a measure whether the party com-

plaining has been guilty of laches such as to close the ear of the court to his application.''

In the case of Thompson v. First National Bank's Receiver, supra, the court said:

> ''As no other rights had arisen, between the rendition of the judgments and the motion, the delay causing no apparent inconvenience or loss of rights to the palintiff, and, it being more reasonable to conclude that the laches arose from a cause other than purposeful neglect the ends of justice will be better subserved by a trial upon the merits, than to allow a party to take from the others a large sum of money to which he is not entitled, and we therefore are of the opinion, that the court should have set aside the judgments and permitted the answers to be filed.''

Under the authority of the above opinions, there are others to the same effect, we are of the opinion that appellant in this case should have been given an opportunity to file his answer and to have a trial on the merits. No injustice is done by following this course. If appellant does not owe the money claimed by appellee, it would be a grave injustice to require him to pay it. It is all-important that courts exercise their discretion liberally, to the end that justice may be done, when in so doing no injustice is done to another.

Appeal is granted, and judgment reversed, and cause remanded for proceedings consistent with this opinion, upon the condition, however, that appellant pay cost up to this time in the circuit court and the cost in this court.