## Dixon v. Riddle.

(Decided May 8, 1931.)

FAULKNER & FAULKNER for appellant.

W. A. STANFILL for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

On January 31, 1929, James P. Riddle obtained a judgment for $500 against Mary J. Dixon. On March 16, 1929, an execution, issued on that judgment, was placed in the hands of W. M. Cornett, sheriff of Perry county, and was by him levied upon a stock of goods belonging to Mary J. Dixon, whereupon she filed this suit in equity' for a new trial and procured from the clerk a temporary restraining order against the sheriff, which was later dissolved by the trial court, and her petition was dismissed.

In her petition Mrs. Dixon says that she first learned of this $500 judgment against her shortly after the rendition thereof, and on February 9, 1929, she had her attorney enter for her a motion to set it aside, because it had been obtained, so she alleged, without service of any process on her, and hence was void, that the case was passed for preparation for hearing on that motion; that she returned to her home, was immediately taken sick, and was unable to attend to her case or any business until after the expiration of that term of the court; that in the meantime, and before the final adjournment of that term of court, and over the request of her counsel for further time to make proof of the failure of service upon her, the court on February 16, 1929, entered an order overruling her motion.

Mrs. Dixon took a proper course when she filed her motion to vacate this judgment. See section 763 of the Civil Code of Practice. She should have presented evidence to sustain her motion, and if prevented by illness should have made some manifestation of that. Her attorneys should have made effort to learn and manifest to the court why her evidence in support of her motion was not produced. If such a showing was made, and in spite of it her motion was overruled, she should have appealed from the order overruling her motion to vacate the judgment.

If, for some sufficient reason of which proper showing was made, her motion to vacate this judgment was everruled before she or her attorney had had opportunity to make the showing of facts regarding the lack of service of summons, then at the earliest possible moment thereafter she should have made her showing of facts, should have shown why it was not made earlier, and

724

have moved the court to set aside the order overruling her motion to vacate this judgment, and, if this motion was overruled, she should appeal from this order.

Instead of pursuing the course upon which she had started, she filed a petition for a new trial, Riddle answered, and the evidence of five witnesses is in the record. The court, when the case was submitted, dismissed her petition, and from that order she has appealed. If Mrs. Dixon was not before the court when this $500 judgment was entered, it is a nullity, but that is no longer an open question. She made herself a party to that suit on February 9, 1929, when she filed her motion to vacate that judgment for want of service. The court heard that matter, and on February 16, 1929, overruled her motion, to vacate the $500 judgment, thereby finding she had been served with process, and that question is res adjudicata; hence her petition for a new trial which set out these same facts was properly dismissed. See McGuire v. Mishawaka Woolen Mills, 218 Ky. 530, 291 S. W. 747.

Judgment affirmed.