# Vanover v. Ashley.

Dec. 1, 1944.

Wilson & Wilson for appellant.

T. F. Birkhead and H. A. Birkhead for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER——
—Reversing.

The appeal is from an order overruling a motion to set aside a default judgment and permit the defendant to file an answer and have a trial of the issues.

The appellee, Clarence E. Ashley, sued the appellant, H. R. Vanover, to recover $1,468.70, damages for the loss of an eye, alleged to have been suffered while employed in his mine. The petition was filed and sum-

mons served on the defendant on September 3, 1943. At the October term of court an order was entered that the allegations of the petition be taken as confessed because of the failure of the defendant to answer, and the case was continued for trial. On December 10th the plaintiff introduced evidence and a verdict for the full amount asked was returned. Judgment was entered on the same day. Court was not in session on the 11th and the 12th was Sunday. On the 13th the defendant filed a motion, supported by affidavits, to set aside the default judgment, and tendered a demurrer and answer joining issue. The grounds are as follows: The defendant had received letters from Ashley's attorney advising that he had been retained to make a claim for the injury and inviting him to call and discuss the case in the hope that it could be settled without suit. Vanover had called and entered into negotations. He understood that the attorney would notify him again when he wanted to consider the matter. When summons was served on him he thought the settlement was pending and that he would hear from the lawyer again. Vanover was working 18 hours a day, making a hand out of himself in order to supply coal, and was being harassed by a labor shortage and calls from his customers that he could not fill, and was, therefore, under highly nervous tension. He had never been sued before and did not appreciate the full significance of being served with a summons. He supposed that the attorney for the plaintiff would call him again for a conference, since there had been no definite conclusion reached as to a settlement. The defendant had previously conferred with his own lawyers, who had advised him to continue his efforts to settle the case out of court and without their services.

Counter-affidavits were filed. It is not claimed that the negotations for a settlement had been completely broken off when the suit had been filed. The attorney for the plaintiff describes his many efforts to get Vanover to come to see him that the claim might be discussed, and relates that after there had been a discussion he had had a stenographer telephone "through the Panther Exchange" and leave word for Vanover to see him in person and as he had not done so the petition was filed. In response, the defendant deposed that he never received any such message and had given the matter no further consideration because he understood from the conversations with the attorney that no action

would be taken until he was notified; that he received no such notice and believed the claim had been dropped.

We appreciate the fact that litigation should be disposed of as early as is possible consistent with the due administration of justice. The disposition of a case according to orderly processes ought to be final, and a party who has been negligent ought not to be heard or permitted to re-open the case. However, all courts favorably regard an effort to set aside a default judgment made quickly at the same term of court when no such fixation of rights has occurred that the setting aside of the judgment would hurt anybody. In such a situation the plea of the movant addresses itself to the judicial discretion of the court without the restrictions of the Code provisions relating to the granting of a new trial when there has been a hearing of the merits of the case. The question is whether the ends of justice will be furthered by re-opening the case in which one party has obtained a judgment without the other having been heard when he shows the court that prima facie he has a meritorious defense. Southern Insurance Company v. Johnson, 140 Ky. 485, 131 S. W. 270. Nearly every case of this kind differs from others, and each situation and set of facts must be considered with the mind of the court upon the liberal criterion stated.

It seems to us that under the circumstances surrounding the defendant here and the fact that there had not been a definite and certain conclusion of the negotiations for a settlement, the defendant had some reason to believe that he would receive another call from the attorney for the plaintiff to talk over the case again. This was realized by the attorney, for he endeavored through some third person or persons to get word to the defendant to come to see him again. It appears that theretofore the invitations had been sent through the mail, or perhaps in telephone conversations with the plaintiff himself. The conditions are not far different from those presented in Thompson v. First National Bank's Receiver, 183 Ky. 69, 208 S. W. 320. See also Steurle v. T. B. Duncan & Co., 221 Ky. 501, 299 S. W. 205.

Since the defendant moved as quickly as possible after the default judgment was entered and at the same term, during which the issues could have been tried, it

seems to us the ends of justice would have been reached by sustaining the motion and setting aside the judgment.

Wherefore the judgment is reversed for consistent proceedings.