## Columbia Coal & Mining Co. v. Radcliff.

March 16, 1945.

Wells & Wells for appellant.

Wheeler & Wheeler for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE TILFORD—Reversing.

On the first day of the February 1944 term of the Johnson Circuit Court, a default judgment in favor of appellee against appellant for $520 was entered, and on the ninth day a similar judgment was inadvertently entered. After execution had been issued, but during the same term of court, appellant moved to set aside the default judgment on several grounds. The motion was supported by affidavits, counter affidavits were filed, and the motion as to the first of the default judgments was overruled. Before this final order was entered and at the same term, appellant tendered its answer presenting affirmative defenses which, if established, would defeat the recovery. On this appeal from the order overruling appellant's motion to set aside the default judgment, it is unnecessary to determine whether or not appellant was properly before the court or the alleged deficien-

cies in the petition, since our conclusion that the court should have set aside the default judgment and permitted the tendered answer to be filed will enable the parties to try the action on its merits and amend their pleadings if deemed necessary. It is sufficient to say that the recovery sought was for rentals allegedly due by the appellant lessee under the terms of a lease executed to it by appellee's deceased father and thereafter assigned to appellee by the administrator of her father's estate, her mother, and her brother, W. H. Meade, an attorney who had theretofore been regularly employed by appellant, and that appellant claims that it delivered the summons to W. H. Meade and relied upon him to defend the action. It is true that appellee's brother, W. H. Meade, was also the administrator of his father's estate, and that he stated in his affidavit that because of this fact and his relationship to appellee he had informed appellant that he could not represent it in the present litigation. But regardless of what conclusion we might have reached as to the sufficiency of appellant's showing of unavoidable casualty or misfortune had this been a proceeding under Section 518 of the Civil Code of Practice to set aside a judgment rendered at a preceding term, we think that appellant's showing with respect to the circumstances which prevented it from appearing and defending was amply sufficient to have required the court to set aside the default judgment in question, since, where the motion is made at the same term at which the judgment is rendered, the court is unhampered by procedural rules and should afford any litigant who has not displayed indifference or gross neglect, an opportunity to present a defense which on its face appears to be valid. As said in Vanover v. Ashley, 298 Ky. 722, 183 S. W. 2d 944, 945: "The question is whether the ends of justice will be furthered by re-opening the case in which one party has obtained a judgment without the other having been heard when he shows the court that prima facie he has a meritorious defense."

Judgment reversed for proceedings consistent with this opinion.