**McKAY v. McKAY.**

Court of Appeals of Kentucky.

June 19, 1953.

As Modified on Denial of Rehearing
Oct. 23, 1953.

Martin & Gillespie, David Martin and John R. Gillespie, Franklin, for appellant.

Rodes K. Myers and Leland Logan, Bowling Green, for appellee.

CLAY, Commissioner.

This action was brought by appellant under section 518 of the Civil Code of Practice to set aside a judgment of divorce on the grounds of: (1) fraud; and (2) unavoidable casualty or misfortune. The Chancellor dismissed the petition.

On May 14, 1951, appellant filed a petition for divorce against her husband, appellee. On the same day appellee entered his appearance and filed an answer stating that he had no affirmative defense. No further steps were taken in the case until June 27, 1951 when appellee filed an answer and counterclaim. He immediately proceeded to take depositions and a judgment granting him an absolute divorce was entered June 30.

Appellant testified that: on May 30 she instructed her attorney to dismiss her suit for divorce; she assumed her instructions had been followed; she had no notice that her suit had not been dismissed, no notice that the counterclaim had been filed, no notice of the taking of depositions; and was not informed until November of that year that the divorce judgment had been entered.

It appears that her former attorney (she is represented by other counsel in this action) or a partner of her attorney was advised of the filing of the counterclaim, accepted notice of the taking of depositions, and approved the judgment.

The testimony of appellant was uncontradicted. Her attorney did not testify,

and the other evidence in this action does not show a different state of facts from those proved by her. On the record before us it appears that the suit was prosecuted contrary to her instructions and without notice to her of any steps taken therein after the filing of the petition.

However, the facts shown do not establish appellant's right to have the divorce judgment set aside. They do not prove fraud practiced by appellee in obtaining the judgment. Appellee dealt with appellant's counsel whom she had chosen to represent her in the action without any knowledge of her instructions to him to dismiss the suit. In addition appellant had written to appellee on May 25, 1951, and though she had stated she could not give appellee a divorce, she had advised him, "you will acquire your own divorce if you feel it necessary". There is no evidence of fraud on the part of appellee, much less the type of fraud which we have this day held must be established to authorize the setting aside of a divorce judgment. Kenmont Coal Company v. Fisher, Ky. 1953, 259 S.W.2d 480.

The claim of unavoidable casualty or misfortune is without merit. The case just cited is authority for the denial of the right to set aside a judgment of divorce on this ground. If it could be invoked under most exceptional circumstances, certainly appellant has not shown such casualty or misfortune as would justify changing the status of the parties. The most she has proved is the possible neglect of her counsel to carry out her wishes and notify her of the proceedings. It is established that neglect of counsel is imputable to the client and the latter is bound by the former's acts in a lawsuit. McGuire v. Mishawaka Woolen Mills, 218 Ky. 530, 291 S.W. 747, and Douthitt v. Guardian Life Insurance Company of America, 235 Ky. 328, 31 S.W.2d 377. In both of those cases it was pointed out that acts and omissions of counsel do not constitute unavoidable casualty or misfortune under section 518 of the Civil Code of Practice.

The judgment is affirmed.