# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, RAP 40(D), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: DECEMBER 14, 2023
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2023-SC-0040-WC

MS COMPANIES                                                                     APPELLANT

V.
ON APPEAL FROM COURT OF APPEALS
NO. 2022-CA-0032
WORKERS' COMPENSATION NO. WC-17-01865

JONATHAN HAWK; GRANT ROARK,                                        APPELLEES
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD

**MEMORANDUM OPINION OF THE COURT**

**REVERSING AND REMANDING**

In this workers' compensation case, Appellee Jonathan Hawk (Hawk) filed an application for benefits, alleging he suffered wrist injury due to repetitive motion. Hawk later joined Appellant MS Companies (MS) as a defendant, but MS never filed an answer. The question addressed in this appeal is whether MS may be liable for workers' compensation benefits if Hawk failed to amend his complaint to allege that he suffered an injury while employed by MS. Because we conclude that MS may not be liable under these circumstances, we reverse the Court of Appeals' decision and remand the case for reinstatement of the Workers' Compensation Board's (Board) Opinion which vacates the Administrative Law Judge's (ALJ) July 26, 2021 Opinion, Order,

and Award and August 20, 2021 Order on Petition for Reconsideration and remands the claim for additional findings.

## FACTUAL AND PROCEDURAL BACKGROUND

In November 2016, Hawk was employed by Express Employment Professionals (Express), a temporary employment agency, and assigned to work on Faurecia's assembly line, manufacturing car seats. Hawk's employment with Express terminated in April 2017. In November 2017, Hawk filed a workers' compensation claim (Form 101)[1] alleging wrist injury from work-related repetitive motion which manifested November 15, 2016, while working for Express.

MS, another temporary employment agency, later employed Hawk. Hawk was again assigned to work on the Faurecia assembly line, although performing a different job. By the time of his deposition, Hawk had been working for MS for approximately one and one-half months. He alleged no specific injury during that time. Following the deposition, Express filed a motion to dismiss Hawk's workers' compensation claim. Express argued that MS was the company liable for Hawk's alleged injury.[2] On July 2, 2018, the

---

[1] Application for Resolution of a Claim – Injury.

[2] Based upon Hawk returning to the same assembly line performing job duties requiring repetitive use and manipulation of his hands/wrists/fingers like his job in November 2016, Express argued that under Kentucky case law, MS would be liable for the entire award of benefits for Hawk's alleged cumulative trauma as it was Hawk's most recent employer exposing Hawk to the kind of injurious activities which allegedly caused his cumulative trauma condition. Express cited *Hale v. CDR Operations, Inc.*, 474 S.W.3d 129 (Ky. 2015); *Hill v. Sextet Mining Corp.*, 65 S.W.3d 503 (Ky. 2001); *Alcan Foil Prods. v. Huff*, 2 S.W.3d 96 (Ky. 1999); *Special Fund v. Clark*, 998 S.W.2d 487 (Ky. 1999); *O.K. Precision Tool & Die Co. v. Wells*, 678 S.W.2d 397 (Ky. 1984); and

ALJ entered an order stating, "The Plaintiff will amend the claim to include[]

the current employer." Hawk contemporaneously filed a motion to join then-

current employer MS as a defendant to the claim. By order dated July 26,

2018, the ALJ granted the motion; Hawk was ordered to serve MS with all

pleadings, including Form 101 and attachments.[3] The ALJ passed

consideration of Express's motion to dismiss until all proof had been

developed. MS did not file a Notice of Claim Denial or Acceptance (Form 111).

Between November 2018 and May 2019, multiple status conferences,[4]

including a Benefits Review Conference, were scheduled. MS did not

participate in the conferences and did not respond to the ALJ's November 2018

or December 2018 orders to show cause why the claim should not proceed.[5] In

October 2019, Express renewed its motion to dismiss, but also moved

alternatively to bifurcate the claim on the issue of employer liability so that a

final determination could be made as to which employer was liable. By order

dated January 2, 2020, the ALJ bifurcated the claim. However, following a

March 6, 2020 status conference, the ALJ entered an order dismissing Express

---

*Southern Kentucky Concrete Contractors, Inc. v. Campbell*, 662 S.W.2d 221 (Ky. App. 1983), in support of its motion.

[3] It is unclear from the record whether any service was made upon MS.

[4] Unless otherwise indicated, the conferences were telephonic.

[5] The December order was returned as "unable to forward." The record reflects that MS was not on the distribution list of many orders and when on the distribution list, for an extended period of time, orders were returned as "unable to forward."

as a defendant on the claim.[6]  Following a May 6, 2021 conference[7] the ALJ entered an order scheduling a combined Benefit Review Conference and Formal Hearing on May 27, 2021; the ALJ noted that no one had entered an appearance on behalf of MS.[8]

The May 27 conference began with the ALJ identifying MS as the defendant/employer remaining in the case; summarizing the pre-hearing discussion that MS had been joined and served, but no one had entered an appearance or any kind of response since it was joined as a party; and noting that no one was present on behalf of MS.  Hawk's counsel then stipulated to jurisdiction; employment relationship; notice; the date of injury being November 15, 2016; and Hawk's average weekly wage, date of birth, and educational level.  Counsel identified the issues as: benefits under KRS 342.730, including multipliers; compensability for past and future medical expenses; and temporary total disability benefits.  Following the hearing, Hawk's counsel submitted a brief regarding the contested issues.

---

[6] Although the order does not state the basis of the dismissal, Hawk's appellate briefs state that Express was dismissed as a party pursuant to *Hill*, 65 S.W.3d 503; *Alcan Foil Prods.*, 2 S.W.3d 96; and *Special Fund*, 998 S.W.2d 487.

[7] The order scheduling the May 6, 2021, conference did not contain MS within the distribution list.

[8] The order stated that Zoom invitations would be emailed separately to any party that had filed an appearance.  MS was not on the order's distribution list.

Before the ALJ rendered a decision, a notice of representation was entered on behalf of MS.[9] MS requested and was granted leave to file a brief. MS moved the ALJ to dismiss the claim against it.

MS argued that although it was joined as a party defendant after Hawk returned to work at Faurecia in February 2018, Hawk never amended his claim to change the November 15, 2016 injury date and never alleged an alternative injury date. Therefore, because Hawk was not employed by MS but Express at the time of the November 15, 2016 injury, MS was not the employer responsible for workers' compensation benefits which may be due Hawk. Furthermore, because Hawk never alleged an alternative injury date, MS had no obligation to defend a claim that was sustained prior to its employment of Hawk.[10]

The ALJ entered an Opinion, Order and Award (Order) in Hawk's favor on July 26, 2021. The ALJ's Order provided a statement of the case and a summary of evidence, and listed stipulations and contested issues. The stipulations included: 1) "Jurisdiction under the ACT."; 2) "An employment relationship existed between the plaintiff and the defendant-employer at all times herein relevant."; and 3) "Plaintiff sustained a work-related injury or injuries on November 15, 2016".

---

[9] Counsel representing MS stated that he became aware of MS' involvement in the case on July 21, 2021.

[10] MS also argued that Hawk failed to prove his symptoms were work related.

5

The ALJ's Findings of Fact and Conclusions of Law included the following:

> For the first time, on July 22, 2021, legal counsel entered an appearance on behalf of the defendant employer, MS Companies. At the same time, counsel filed a posthearing brief. In its brief, the defendant attempts to argue plaintiff's alleged injuries are not work related. However, this defendant never filed a form 111, Notice of Claim Denial or Acceptance, and as such, all allegations alleged in plaintiff's form 101, including those as amended, were deemed admitted. 803 KAR 25:010 Sec. 5 (2)(b). Moreover, causation and work relatedness were not listed as a contested issue at the benefit review conference conducted on May 27, 2021 at the beginning of the final hearing. *Similarly, whether plaintiff was an employee of the defendant, MS Companies[, on] the date of injury was also not listed as a contested issue so, again, the defendant is precluded from making that argument at this time.* For these reasons, the defendant is precluded from arguing causation which is now presumed as a matter of law.

(Emphasis added.)

MS filed a petition for reconsideration, requesting additional findings of fact. MS maintained the arguments presented in its post-hearing brief. MS also explained that it did agree that there was an employment relationship with Hawk, but that employment relationship began at a time after the stipulated injury date.

Hawk, citing *Gray v. Trimmaster*,[11] responded, arguing that any and all of MS' complaints and issues could have been addressed simply by filing a Form 111. And because of MS' failure to do so, all of the issues which MS could have denied, including coverage on the date of accident and the date of injury, were deemed admitted.

---

[11] 173 S.W.3d 236 (Ky. 2005).

6

The ALJ concluded that there were no patent errors to justify dismissing Hawk's claim against MS. While the ALJ noted that there may be some merit to the fact that no order was issued which would specifically require MS to file Form 111, an order was entered on May 6, 2021 scheduling the May 27, 2021 Benefit Review Conference and Formal Hearing, and MS did not appear and participate at the Benefit Review Conference during which the stipulations and contested issues were entered. The ALJ reasoned that regardless of whether MS was ever required to file Form 111 upon its joinder, only contested issues listed at the Benefit Review Conference remained to be determined by the ALJ, that is, issues not listed as contested were waived.

MS appealed to the Workers' Compensation Board. MS maintained its arguments made to the ALJ. Hawk, in response, argued that MS had not identified an appealable issue and was asking the Board to reweigh the evidence as to questions of fact, which is beyond the Board's authority. Nevertheless, even if the Board reviewed the ALJ's decision, the ALJ's decision was not clearly erroneous and must be affirmed.[12] Hawk further argued that

---

[12] KRS 342.285(2) provides the following standards for the Board's review of an ALJ order or award:

> No new or additional evidence may be introduced before the board except as to the fraud or misconduct of some person engaged in the administration of this chapter and affecting the order, ruling, or award, but the board shall otherwise hear the appeal upon the record as certified by the administrative law judge and shall dispose of the appeal in summary manner. The board shall not substitute its judgment for that of the administrative law judge as to the weight of evidence on questions of fact, its review being limited to determining whether or not:
>
> (a) The administrative law judge acted without or in excess of his powers;
> (b) The order, decision, or award was procured by fraud;

7

because MS Companies did not participate in the Benefit Review Conference and contest that it was Hawk's employer on November 15, 2016, and did not seek relief from the stipulations in the manner prescribed in 803 KAR 25:010 Section 16(2), MS was prohibited from raising the employment relationship stipulation as an issue on appeal to the Board. The Board concluded that

> an award against MS cannot be based upon a November 15, 2016 injury date. Liability of MS necessarily depends on exposure to cumulative trauma occurring during its employment period. During litigation of this claim, no ALJ made an explicit finding of
>
> fact that Hawk was exposed to cumulative trauma while employed by MS. . . .

Given that lack of finding by an ALJ and considering MS' argument that "Hawk never moved to amend his claim to include an allegation of a cumulative rauma injury during his employment with MS or to allege a later injury date," the Board vacated the ALJ's July 26, 2021 Opinion, Award, and Order and August 30, 2021 Order on Petition for Reconsideration and remanded the case to the ALJ to determine if Hawk had made a viable claim against MS. The Board directed the ALJ to determine whether Hawk ever amended the Form 101 to include his employment period with MS, and if not, MS must be

---

(c) The order, decision, or award is not in conformity to the provisions of this chapter;
(d) The order, decision, or award is clearly erroneous on the basis of the reliable, probative, and material evidence contained in the whole record; or
(e) The order, decision, or award is arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

dismissed because it cannot be held liable for any injury occurring prior to employing Hawk.

Hawk appealed the Board's decision to the Court of Appeals.[13]  The Court of Appeals vacated the Board's decision on two grounds, one based upon jurisdiction.  First, the Court of Appeals concluded that the Board lacked jurisdiction to decide MS' appeal because MS failed to name Express as a party to the appeal; the Court of Appeals considered Express to be an indispensable party.  Second, agreeing with the ALJ, the Court of Appeals concluded that MS' inaction and failure to participate in the case for three years constituted a waiver of the contested issue of MS being liable for Hawk's injuries.  The Court of Appeals stated that the Board clearly erred as a matter of law by not addressing the issue and recognizing that MS had waived this argument by not participating in the Benefit Review Conference and raising the issue at that time as required by 803 KAR 25:010 Section 13(12).  The Court of Appeals directed that upon remand, the Board was to dismiss MS' underlying appeal and affirm the ALJ's July 26, 2021 Opinion, Award, and Order.  MS appealed to this Court.

---

[13] As to a review of the Board's decision by the Court of Appeals, KRS 342.290 states:

> The decision of the board shall be subject to review by the Court of Appeals pursuant to Section 111 of the Kentucky Constitution and rules adopted by the Supreme Court.  The scope of review by the Court of Appeals shall include all matters subject to review by the board and also errors of law arising before the board and made reviewable by the rules of the Supreme Court for review of decisions of an administrative agency.

While the Court of Appeals vacated the Board's Order on two grounds, the only question remaining at issue is whether MS may be liable for workers' compensation benefits due to its lack of participation in the case. Hawk does not dispute that any issues related to the Board's particular-case jurisdiction due to Express not being named in the appeal were waived.[14],[15]

---

[14] *See Commonwealth v. Steadman*, 411 S.W.3d 717 (Ky. 2013) (explaining the difference between subject-matter jurisdiction and particular-case jurisdiction and unlike subject-matter jurisdiction, particular-case jurisdiction is subject to waiver).

[15] MS' brief presented both subject-matter and particular-case jurisdiction arguments. MS expressed that if this were a subject-matter jurisdiction case due to an alleged procedural defect in MS not naming Express as a party in its appeal to the Board, the Court of Appeals would undoubtedly have discretion to *sua sponte* rule on this issue. However, the alleged procedural defect is not a subject-matter jurisdiction issue. On the contrary, the alleged procedural defect pertains to particular-case jurisdiction, which can be waived if not properly preserved. MS argued that in this case, even if it were a legitimate issue, the parties failed to preserve it and consequently, this was not an issue for the Court of Appeals to address.

Hawk's brief addressed MS' argument that the Court of Appeals did not have authority to vacate the Board's decision on jurisdictional grounds. Hawk expressed that the Court of Appeals itself had subject-matter jurisdiction to vacate the Board's decision and then agreed with MS that procedural rules are concerned with particular-case jurisdiction and that a particular-case jurisdiction issue is waived if not properly preserved. Nevertheless, MS also briefed its agreement with the Court of Appeals that Express was an indispensable party to the appeal. While we do not view the question of whether Express was an indispensable party to the appeal as a live issue, we note that even if it were, we do not necessarily agree with the Court of Appeals. In *Browning v. Preece*, 392 S.W.3d 388, 391 (Ky. 2013), dealing with dismissal of an appeal, this Court stated that "an indispensable party is defined as a party 'whose absence prevents the Court from granting complete relief among those already parties,'" and that

> [i]n determining whether a party is truly necessary on appeal, the court must ask 'who is necessary to pursue the claim. . . . If a party's participation in the appeal is unnecessary to grant relief, and requiring its participation would force unnecessary expense on the party, then . . . such a party is not indispensable' So, the issue is whether [the unnamed party has] an interest that would be *affected* by the decision of the Court of Appeals, regardless of whether that interest is affected adversely or favorably.

392 S.W.3d 388, 391 (Ky. 2013) (internal citation omitted). In that case, the unnamed party had been participating in the underlying case. Here, because Express had been dismissed as a party, Hawk's claim for benefits was only against MS, against whom,

10

**ANALYSIS**

## I. Standard of Review

In *Western Baptist Hospital v. Kelly*, we described the standard of review

as follows:

> The function of further review of the [Workers' Compensation Board] in the Court of Appeals is to correct the Board only where [the] Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice. The function of further review in our Court is to address new or novel questions of statutory construction, or to reconsider precedent when such appears necessary, or to review a question of constitutional magnitude.[16]

## II. Before MS May Be Liable for Benefits, the ALJ Must Find that Hawk Amended His Complaint to State a Cause of Action Against MS.

Before beginning the analysis, we note that while the General Assembly

enacted legislation to resolve worker's compensation claims efficiently,[17] MS

did not bring its motion for dismissal early within the process and aid in that

goal. Nevertheless, like the Board, we conclude that the foundation for

assigning liability to MS has yet to be established by the ALJ, the fact finder in

this case. Furthermore, considering *Gray v. Trimmaster*[18] and *Neace v.*

*Asplundh Tree Expert Co., Inc.,*[19] construing 803 KAR 25:010's default-related

---

according to the practice of this case, complete relief may have been granted. When the ALJ rendered an opinion in Hawk's favor, it was against MS only. On appeal, the issue was whether MS is liable for Hawk's worker's compensation benefits. There was no basis to believe that Express would be affected by the Board's decision.

[16] 827 S.W.2d 685, 687–88 (Ky. 1992).

[17] *See* KRS 342.260(4) ("Processes and procedures under this chapter shall be as summary and simple as reasonably possible.").

[18] 173 S.W.3d at 240.

[19] 2007-SC-000236-WC, 2008 WL 1850622 (Ky. Apr. 24, 2008).

provisions to be analogous to default within the civil rules,[20] we view the ALJ's Order as a default judgment resulting from MS' failure to answer Hawk's complaint. We resolve this case based upon the established principle that "a default judgment may not be based on a complaint which completely fails to state a cause of action."[21]

MS argues that Hawk, as the initiating party, presented its claim, then moved to join MS as an additional party, but did not amend the claim to set forth any additional allegations or introduce any proof stating a claim against MS upon which relief might be granted. Therefore, because Hawk failed to meet his burden of proving a cause of action against MS entitling him to benefits, Hawk's claim must be dismissed. MS further argues that its failure to timely respond to the claim filed does not change the underlying facts or confer liability. Instead, MS was deemed to have admitted all allegations of the application pursuant to 803 KAR 25:010 Section 7(2)(b).

*Gray v. Trimmaster* summarizes the workers' compensation statutory and administrative regulation provisions prescribing the time by which an employer must file an answer and the consequences for not doing so.[22] *Gray* explains:

> KRS 342.270(2) provides that within 45 days of the issuance of the notice of the filing of a claim, the employer or carrier "shall" file a notice of denial or acceptance. 803 KAR 25:010, § 5(2)(a)

---

[20] At the time the decisions cited in this opinion were rendered, the default provision was codified under 803 KAR 25:010 Section 5. The default provision is currently codified under 803 KAR 25:010 Section 7.

[21] *Crowder v. American Mut. Liab. Ins. Co.*, 379 S.W.2d 236, 238 (Ky. 1964).

[22] 173 S.W.3d 236, 241 (Ky. 2005).

12

requires a Form 111 to be filed within 45 days after notice of the scheduling order.[23] Subsection (b) provides that if a Form 111 is not filed, all allegations of the application shall be deemed admitted. These provisions are mandatory. Their purpose is to facilitate the prompt and orderly resolution of workers' compensation claims. . . .

*Gray* further explains, analogous to a civil judgment by default and the subsequent hearing to establish damages, when the employer fails to file Form 111 and admits the allegations contained in the employee's application, i.e., that the employee sustained an injury and the injury occurred within the course and scope of employment, the employee must still prove the extent of the employer's liability.[24]

Soon after *Gray*, *Neace v. Asplundh Tree Expert Co., Inc.*,[25] unpublished, dealt with the Board's decision that the ALJ, upon a finding of good cause, may

---

[23] MS agrees that the relevant statute, regulation, and case law require a Form 111 to be filed within 45 days after the notice of application. However, MS argues that the 45-day requirement does not apply in cases of joinder, unless explicitly required by ALJ order. MS contends that the requirement to file a Notice of Claim Denial or Acceptance when a party is subsequently joined to an action is absent from 803 KAR 25:010 Section 7(2)(a) and KRS 342.270(2). Because this appeal is resolved in MS' favor because Express's complaint failed to state a cause of action against MS, we need not address MS' alternative argument here.

[24] *See id.* at 241 (citing *Roark v. Alva Coal Corp.*, 371 S.W.2d 856 (Ky. 1963); *Wolf Creek Collieries v. Crum*, 673 S.W.2d 735 (Ky. App. 1984); *Snawder v. Stice*, 576 S.W.2d 276 (Ky. App. 1979)).

[25] 2007-SC-000236-WC, 2008 WL 1850622 (Ky. Apr. 24, 2008). Although the analysis regarding default judgments was not as extensive as in *Neace,* preceding decisions in *Clark Reg'l Med. Ctr. v. Lovings* were based upon the Board analogizing 803 KAR 25:010, § 5 to default judgment. *See* 2005-CA-000965-WC, 2005 WL 3334734 (Ky. App. Dec. 9, 2005) ("The Workers' Compensation Board, in its opinion, held that relief from the requirement for filing a Form 111 within 45 days following an order sustaining a motion to reopen an injury claim may be had upon good cause shown, in the same manner as relief from a default judgment in a civil action."); 2006-SC-0027-WC, 2006 WL 2987038 (Ky. Oct. 19, 2006) (affirming) ("Among the issues raised in the claimant's appeal to the Board was the effect of the employer's failure to file a timely Form 111. The Board determined that relief from the requirement to file a

13

allow the employer to file an untimely Form 111.  Pertinently, in *Neace*, this

Court agreed with the Board's analysis that 803 KAR 25:010 Section 5(2)

(currently Section 7(2)) essentially operates as a default judgment provision in

the context of a claim for workers' compensation benefits.[26]  Considering the

Board's opinion that 803 KAR 25:010 Section 5(2) did not demand strict

compliance, this Court concluded it was reasonable to view 803 KAR 25:010

Section 5(2) in relation to default judgment rules:

> KRS 342.270(2) requires an employer to respond within 45 days of the scheduling order and admit or deny the allegations contained in the worker's application for benefits.  It does not address the effect of a delay in doing so or a failure to do so.  803 KAR 25:010, § 5 operates as the equivalent of a default judgment provision.  Its purpose is to facilitate the prompt and orderly resolution of claims.
>
> In a civil action, CR 8.02, CR 8.04, and CR 12.01 operate to admit an averment in a pleading if the opposing party fails to answer and deny it within 20 days of service of the summons and complaint.  CR 55.01 provides for the entry of a default judgment if a party fails to defend a cause of action and lists but a few exceptions.  *Ryan v. Collins*, 481 S.W.2d 85 (Ky. 1972), notes, however, that the courts disfavor such judgments and that CR 55.02 permits the trial court to set aside a default judgment upon a showing of good cause in accordance with CR 60.02.  *Liberty National Bank & Trust Co. v. Kummert*, 305 Ky. 769, 205 S.W.2d 342 (Ky. 1947), and *Howard v. Fountain*, 749 S.W.2d 690, 692 (Ky. App. 1988), direct the trial court to apply a liberal standard when judging whether good cause exists and state that the exercise of discretion will not be disturbed absent abuse.  Likewise, *Moffitt v. Asher*, 302 S.W.2d 102 (Ky. 1975), applies an abuse of discretion standard to a decision granting or denying a request under CR 6.02 to plead after the time allowed in CR 12.01 has expired.
>
> As explained in *J.B. Blanton Co. v. Lowe*, 415 S.W.2d 376 (Ky. 1967), the courts afford an administrative agency's

---

timely Form 111 would be proper 'upon good cause shown, in the same manner as relief from a default judgment in a civil action.'").

[26] 2008 WL 1850622, at *2.  *Neace v. Asplundh Tree Expert Co., Inc.*, 2006-CA-001328-WC, 2007 WL 625275 (Ky. App. Mar. 2, 2007), adopted the Board's opinion.

construction of its own regulation great weight when determining the regulation's meaning. Although 803 KAR 25:010, § 5 does not indicate that the time for filing a Form 111 may be enlarged after it expires, the claimant points to no statute or regulation that prohibits it from being enlarged despite a showing of good cause. The Board's construction of 803 KAR 25:010, § 5 is reasonable. It considers a worker's interest in the prompt resolution of a claim but also ensures that an employer who shows good cause for tendering a tardy Form 111 will receive a day in court. We conclude, therefore, that 803 KAR 25:010, § 5 permits an employer to file a Form 111 outside the 45–day period if the ALJ finds that it has shown good cause for the delay.[27]

Here, MS concedes that by not filing Form 111, it has admitted the allegations contained in Hawk's application. But, like before the ALJ, the Board, and the Court of Appeals, MS argues that because Hawk never amended his application to allege an injury date within MS' employment or introduced proof stating a claim against MS upon which relief might be granted, liability cannot be imposed upon MS and Hawk's claim against it must be dismissed.

Hawk likewise maintains his arguments and contends that the ALJ made a clear and concise decision as a matter of law, consistent with *Gray,* that by failing to file Form 111, MS was deemed to have admitted everything, including that Hawk sustained a work related-injury under the employ of MS, and that the only remaining issue for determination was the extent and duration of the claim. Along with arguing that the Board ignored *Gray*'s precedent, Hawk also argues that the Board exceeded its authority and committed flagrant error by completely ignoring the fact that MS was properly deemed to have admitted

---

27 *Neace*, 2008 WL 1850622, at *2–3.

15

everything, except the extent and duration of the claim, by failing to participate in the Benefit Review Conference/Final Hearing. This argument is based on the ALJ's entry of stipulations offered by Hawk, not stipulations agreed upon by the adverse parties, as apparently anticipated by the administrative regulations.[28] While the workers' compensation claim resolution process promotes stipulations by the parties to aid in timely dispositions, we fail to see how a "stipulation" entered by the complainant against the interest of the absent adversary—that an employment relationship existed between the parties at the time of the alleged injury—may be viewed as a stipulation which would alter the allegations contained within Hawk's complaint and allow entry of judgment by default.

It has long been policy that "litigation should be disposed of as early as is possible consistent with the due administration of justice."[29] And while default judgment rules are a means of relief against the delay and neglect of defendants, it is a fundamental rule that a judgment by default must be justified by the pleadings.[30] Furthermore, when the complaint fails to state a cause of action or show ground for relief, the defendant's default does not

---

[28] *See* 803 KAR 25:010 § 13(4) and (11).

[29] *See Vanover v. Ashley*, 183 S.W.2d 944, 945 (Ky. 1944).

[30] *See Holzknecht v. Louisville Deutsche Scheutzen Gesselschoft*, 241 S.W. 804, 805 (Ky. 1922) ("The rule is universal, so far as we have been able to find, that a default judgment cannot be sustained unless it is supported by the pleadings."); *Mullins v. Commonwealth*, 262 S.W.2d 666, 667 (Ky. 1953) ("Since the policy of the law is to have every litigated case tried on its merits, judgments by default are not favored, and, as such a judgment deprives a defendant of substantial rights, it is lawful only when duly authorized.").

change or improve the complaint. This rule is based on the proposition that the default admits nothing more than what is alleged in the complaint. This Court's predecessor long ago stated, "Nor will a confession of the allegations of the pleading by failing to appear and respond, and the consequent suffering of a default judgment, waive the defects of an insufficient pleading, since defendant's default operates as an admission only of those facts which are well and properly pleaded in plaintiff's declaration or complaint."[31]

## CONCLUSION

The Court of Appeals vacated the Board's Opinion, concluding that the Board erred as matter of law by not addressing that MS had waived the contested issue of its liability for Hawk's by not participating in the case for three years. However, upon review, the Board's Opinion is consistent with long-established principles that a default judgment may not be based on a complaint which fails to state a cause of action. Consequently, we reverse the Court of Appeals' decision and remand for reinstatement of the Board's Opinion.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Donald J. Niehaus
Lori V. Daniel
Walton Niehaus Law, PLLC

---

[31] *Holzknecht*, 241 S.W. at 805 (citations and internal quotations omitted).

17

COUNSEL FOR APPELLEE:

James R. Martin II
Morgan & Morgan


ADMINISTRATIVE LAW JUDGE:

Hon. Grant S. Roark


WORKERS' COMPENSATION BOARD:

Hon. Michael Wayne Alvey, Chairman