CHRISTOPHER F. PFROMMER, d. b. a., *vs.* GEORGE W. TAYLOR, for the use of ELIZA COBURN, p. b. r.

1. PLEADING—SET-OFF—SUFFICIENCY.

In an action under *Wilmington City Charter* (*Laws* 1883, *c.* 207) § 131, for compensation for the use of a party wall, a plea of set-off, alleging that plaintiff owed defendant certain sums for rents due upon a demise, for use and occupation, for work and labor done, for goods sold and delivered, for money lent and advanced, for money had and received, and for sundry other matters, properly subjects of an action in *indebtitatus assumpsit*, and pleaded in such language as defendant would have used, were he declaring thereon by the common counts in an action brought by him, was demurrable, in that it embodied plural defenses in one plea and lacked particularity in their • statement.

2. PLEADING—SET-OFF—RULE OF COURT.

Superior Court *Rule* 8,§ 4, providing that a plea of set-off shall, if required, be drawn out and shall state matters of set-off with reasonable certainty, means that a set-off may be pleaded by a memorandum plea, which, when required, shall be drawn out and state the matters of set-off severally and with all the certainty of a bill of particulars.

3. PARTY WALLS—COMPENSATION FOR USE—PLEAS.

In an action for compensation for the use of party walls, brought under *Wilmington City Charter* (*Laws* 1883, *c.* 207) § 131, providing for such compensation, pleas by which defendant invoked an interpretation of such statute, based on usage and understanding of it, were not demurrable, though such method of interpretation could not be applied until the facts relied upon were disclosed at the trial; they being sufficient to apprise plaintiff of the defense relied upon.

(*January* 29, 1913.)

Judges CONRAD and WOOLLEY, sitting.

*Walter J. Willis* for respondent.

*William F. Kurtz* for appellant.

Superior Court, New Castle County, January Term, 1913.

APPEAL (No. 80, September Term, 1912) from judgment of Justice of the Peace in an action instituted before the Justice, under the provisions of the *Charter of the City of Wilmington, Section* 131, relative to compensation for use of party walls.

Special demurrer to all the pleas to pro-narr., it being urged that the pleas are insufficient to apprise the plaintiff of the defense relied upon. Demurrer sustained as to first plea, and overruled as to remaining seven pleas.

WOOLLEY, J., delivering the opinion of the court:

The pro-narr. in this case contains but one count, which is the common count for money had and received. To this count the defendant replied by eight pleas, to each of which the plaintiff demurred specially.

[1] The first plea purports to be a plea of set-off in which the defendant maintains that, as against the debt he owes the plaintiff, the plaintiff is indebted to him in a certain sum for rents due upon a demise, for use and occupation, for work and labor done, for goods sold and delivered, for money lent and advanced, for money had and received, and for sundry other matters, properly subjects of an action in *indebitatus* assumpsit, which are pleaded in the precise language, though somewhat in narrative form, that would be employed by the defendant were he declaring thereon by the common counts in an action brought by him against the plaintiff.

The causes for demurrer to this plea are in substance the plural defenses embodied in one plea and the lack of particularity in their statement. The defendant admits that he joined in one plea as many separate matters of defense as he could have joined, were he plaintiff, in separate common counts in one declaration, but maintains that the plea is neither double in form nor insufficient in statement, and for authority cites a form in 3 *Chitty, Pl.* 936, 938, of which the plea under consideration is an exact copy.

At common law mutual debts were distinct, and were extinguishable only by payment or release. A creditor might sue and recover from a debtor while the creditor himself was indebted to his debtor, and the redress of the defendant for the recovery of his debt against the plaintiff was limited to a counter-action. This was an inconvenience in any case and a hardship in the particular case where the debtor in the counter-action was insolvent or bankrupt. To remedy this evil the statute of 4 *Anne*, c. 17, § 17, was enacted, the salutory effect of which occasioned Parliament to borrow to some extent the doctrine of compensation from the civil law, and to enact the statute of 2 *Geo. II*, c. 22, by virtue of which in actions where there are mutual debts, a defendant might set off the debt due to himself against that for which he is sued, either by pleading it in bar or by giving it in evidence under the general issue, upon proper notice. The general provisions of these statutes constitute the bases of the statute upon this subject in this state (*Rev. Code*, c. 106, § 21).

As the subject-matter of a plea of set-off, from the very theory of the defense, is the same subject-matter upon which an original action might have been brought by the defendant, the plea of set-off under the English statute was required not only to contain all the essentials to the validity of other pleas in bar, but was required to describe the debt intended to be set off with the same certainty as in a declaration for a like demand (1 *Chitty, Pl.* 575), and holding in mind the analogy of a plea of set-off to a declaration in a counter-action, the English courts further considered that where a claim or demand if asserted in an original action could have been recovered under the common counts, such claim or demand could likewise be pleaded in set-off under the

same general description in which it could be pleaded in common counts, however particular the circumstances may have been (2 *Esp. Rep.* 560, 569). This is the reason for the form in 3 *Chitty, Pl.* 936, 938, followed by the defendant in this case.

There remains, however, the question whether a plea of set-off, following the form in *Chitty* and stating matters of set-off in the general language of common counts, is in harmony with the practice and rules of this court.

[2] Under the rule of this court if a plaintiff declares upon the common counts the defendant is not required to plead until the plaintiff shall have filed a bill of particulars under each count. *Superior Court Rules, Rule* 8, § 7, *cl.* 6. The purpose and justice of this rule are obvious. As under the English practice, a plea of set-off so closely resembles a declaration that the English courts have held that matters of set-off that in an original action may be declared upon under the common counts may likewise be pleaded in a plea of set-off in the same general language and in substantially the same form, it would seem that if this court were to follow that practice it would with equal justice be compelled to allow a bill of particulars to a plea of set-off as well as to common counts. While we have no rule directing the allowance of a bill of particulars to a plea of set-off, we have, however, a rule of court that meets the situation and dispenses with the necessity of a bill of particulars to such a plea. This rule provides that "A plea of set-off shall, if required, be drawn out, and shall state the matters of set-off with reasonable certainty." *Superior Court Rules, Rule* 8, § 4.

The meaning of this rule is that set-off may be pleaded by a memorandum plea, which, when required, shall be drawn out and that a plea of set-off when drawn out, either upon the order of the court or by the party in the first instance, "shall state the matters of set-off with reasonable certainty," that is, with all the certainty of a bill of particulars, and if there be several matters of set-off they shall be severally pleaded by as many pleas.

The demurrer to the first plea is sustained.

[3] It is apparent that this action was instituted under the provisions of *Section* 131 of the *Charter of the City of Wilmington*

relating to party walls (*Laws* 1883, *c.* 207), and that the defendant, by his seven succeeding pleas will invoke an interpretation of that statute by giving to what he conceives to be its uncertain and ambiguous language, a contemporaneous exposition, shown by common usage or practice under the statute, and by what is understood by those whom it affects and what was intended by those who enacted it. Under these pleas it is impossible to apply this principle of statutory construction, which is recognized and followed in some cases, until the facts relied upon are disclosed. at the trial. We therefore hold that the pleas are sufficient to apprise the opposing party of the defense relied upon and over-rule the demurrer to the last seven pleas.