LEONARD A. PARENTI *v*. JOHN A. CLARK and FLORENCE CLARK, . his wife.

(*May* 2, 1929.)

PENNEWILL, C. J., and RODNEY, J., sitting.

*William Prickett* for plaintiff.

*David J. Reinhardt, Sr.*, for defendants.

Superior Court for New Castle County, No. 74, January Term, 1924.

PENNEWILL, C. J., delivering the opinion of the court:

The defendants contend that while each of their pleas taken separately is not a full answer to the entire statement of claim filed by the plaintiff, that all of them taken together do set up a full and complete answer to all the items in such statement.

In support of this contention, the following authorities are cited: *Gould on Pleading*, 361, *paragraph* 102; *Stephen on Pleading*, 255, 268; *Pfrommer v. Taylor*, 4 *Boyce* 76, 85 *A.* 760.

The Court are of the opinion that, while it is not necessary that the whole declaration or cause of action should be answered in one plea where the defense consists of different items of set-off, it is necessary that the whole matter of defense pleaded cover the whole complaint. If all the pleas, taken together, form

a sufficient answer to the whole matter of complaint, the defense is complete.

The question in the instant case is, not whether the rule stated by Gould is correct, but whether it is applicable to this case. We think it does not apply because the first and second pleas are inconsistent, and the amounts therein stated cannot be combined and added to the amount of set-off in each of the other pleas so as to equal the plaintiff's entire claim. Without including the amount stated in each of the first and second pleas, the defense would not answer the entire complaint or equal the full sum claimed by the plaintiff. The first plea is a defense as to $600.00 part of plaintiff's claim; the second plea is another and inconsistent defense as to the same item or a part of it.

For the reason that all the defenses pleaded in this case do not constitute a complete answer to the plaintiff's complaint, that is, do not equal the full amount claimed by him, if either the amount stated in the first or second inconsistent plea is excluded, the Court are constrained to sustain the demurrer filed by the plaintiff.

Because of the fact that the inconsistency in the first and second pleas prevents the answer from being a full defense to the plaintiff's complaint, we think it would be better to file two pleas, the one combining the defense set up in the present first plea with the different items of set-off, and the other combining the defense set up in the present second plea with the different items of set-off.