**EASTERN SHORE NATURAL GAS COMPANY, a Delaware corporation, Plaintiff Below, Appellant,**

v.

**STAUFFER CHEMICAL COMPANY, a Delaware corporation, Defendant Below, Appellee,**

and

**Hoechst Polymer Corporation, a Delaware corporation, Intervenor Below, Appellee.**

Supreme Court of Delaware.

Nov. 6, 1972.

John J. Schmittinger, of Schmittinger & Rodriguez, Dover, for plaintiff below, appellant.

Januar D. Bove, Jr. and John R. Bowman, of Connolly, Bove & Lodge, Wilmington, for defendant below, appellee.

David A. Drexler, of Morris, Nichols, Arsht & Tunnell, Wilmington, for intervenor below, appellee.

Before WOLCOTT, Chief Justice, and CAREY and HERRMANN, Associate Justices.

HERRMANN, Justice:

This is an appeal from the Chancery Court's denial of the motion of the plaintiff, Eastern Shore Natural Gas Company (hereinafter "Eastern"), for a preliminary injunction restraining the defendant Stauffer Chemical Company (hereinafter "Stauffer") from redelivering natural gas, sold to it by Eastern under contract, to the intervening defendant Hoechst Polymer Corporation (hereinafter Hoechst) in violation of the contract. The appeal also lies to the granting of Stauffer's motion to dismiss the action.

I.

The opinion of the Chancery Court appears at 285 A.2d 826. The statement of facts contained therein is sufficient for present purposes, with the following (1) modification and (2) addition: (1) The contract did not specify "the amounts of gas to be delivered each day" to Stauffer (285 A.2d at 827); rather, it was a gas supply contract specifying a minimum and a maximum daily quantity. (2) Shortly after the filing of this action, Stauffer filed with the Federal Power Commission a petition for a declaratory order "in order to terminate a controversy and remove uncertainty * * * regarding the lawfulness of certain deliveries of natural gas" to Hoechst and Eastern filed with the Commission an application to abandon service to Stauffer. The petition and the application are pending before the Commission.

II.

We take up first the dismissal of the action.

In this connection, the Chancery Court stated: "[T]he defendant's motion to dismiss will be granted on the ground of lack of jurisdiction. The order to be entered, however, shall recognize plaintiff's right to transfer this case to a court of competent jurisdiction under the provisions of 10 Del.C. § 1901." (285 A.2d at 829)

The opinion below does not state specifically the basis for the Court's ruling of lack of jurisdiction. From the context of the opinion, however, the basis must be assumed to have been either the doctrine of primary administrative jurisdiction of the Federal Power Commission, or the exclusive jurisdiction of the United States Dis-

trict Court, or the absence of equity jurisdiction. In any case, we think it was error to dismiss the action.

■ The doctrine of primary administrative jurisdiction permits a court to avail itself of the expertise of an administrative agency having special competence in the matter at hand. As stated in United States v. Western Pacific RR, 352 U.S. 59, 63–64, 77 S.Ct. 161, 165, 1 L.Ed.2d 126 (1956):

"'Primary jurisdiction,' * * * applies where a claim is originally cognizable in the courts, and comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed with the special competence of an administrative body; in such a case the judicial process is suspended pending referral of such issues to the administrative body for its views."

And as stated in Webb v. Diamond State Telephone Company, Del.Ch., 237 A.2d 143, 145 (1967):

"The doctrine of primary jurisdiction * * * comes into play when a claim is originally cognizable in a court of law or equity but referral to an agency competent to rule preliminarily on issues which fall within its regulatory powers is authorized. In such situations, proceedings before a court are merely suspended pending referral of appropriate issues to such an administrative body. See Best v. Humboldt Placer Mining Co., 371 U.S. 334, 83 S.Ct. 379, 9 L.Ed. 2d 350, and United States v. The Philadelphia National Bank, 374 U.S. 321, 83 S.Ct. 1715, 10 L.Ed.2d 915."

As indicated, the doctrine of primary administrative jurisdiction contemplates the suspension of the judicial proceedings, rather than a dismissal thereof, pending the action of the administrative agency. It is in the nature of a temporary abstention in deference to the expertise of the administrative agency. By such retention of jurisdiction and non-committal "referral" attitude toward the administrative agency, the court has the benefit of the views of the agency, while at the same time avoiding any suggestion of abdication of the jurisdiction of the court. Compare Pottock v. Continental Can Co., Del.Ch., 210 A.2d 295 (1965). The doctrine of primary administrative jurisdiction is to be distinguished from the rule of exhaustion of administrative remedies, requiring that a claim be initiated before an administrative agency prior to judicial review. United States v. Western Pacific Railroad Co., 352 U.S. 59, 77 S.Ct. 161, 1 L.Ed.2d 126 (1956); K. Davis, Administrative Law Treatise, § 20.01 (1958).

■ Accordingly, application of the doctrine of primary administrative jurisdiction should have led to a stay, rather than a dismissal of this action.

\* \* \* \* \* \*

The Chancery Court indicated that Stauffer relied upon the Natural Gas Act [15 U.S.C. Ch. 15B] in support of the Federal Power Commission's primary administrative jurisdiction; that Stauffer contended that, under 15 U.S.C. § 717u, the Commission "must first rule on such alleged violation[s]" of the Act (285 A.2d at 828).

Stauffer disclaims that statement of its position, pointing out that Title 15, U.S.C. § 717u does not deal with the doctrine of primary administrative jurisdiction, a judge-made rule; that it deals, rather, with the exclusive jurisdiction of the federal district courts over violations of the Natural Gas Act. Relying upon 15 U.S.C. § 717u,\* Stauffer now contends that the

---

\* 15 U.S.C. § 717u provides:

"The District Courts of the United States and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of this chapter [Natural Gas Act] or the rules, regulations, and orders thereunder, and of all suits in equity and actions at law brought to enforce

United States District Court has exclusive jurisdiction over this action.

■ The determination of whether a cause of action is based on federal law is made from the face of the complaint, the answer depending "on the particular claims a suitor makes in a state court—on how he casts his action." Pan American Petroleum Corp. v. Superior Court, 366 U.S. 656, 662, 81 S.Ct. 1303, 1307, 6 L.Ed.2d 584 (1961).

■ In the instant case, it is manifest on the face of its complaint that Eastern's claim is for breach of contract, not for violation of the Gas Act. It is nowhere alleged in the complaint that any action of the defendant Stauffer, which is not engaged in the interstate transmission of natural gas and is not amenable to the Commission's jurisdiction, constituted a violation of the Gas Act by Stauffer. The allegation of Eastern is that by reason of Stauffer's breach of contract, Eastern may be violating the Gas Act. Clearly, the claim of such breach of contract and consequence are not within the scope of 15 U.S.C. § 717u. The presence of a federal question does not necessarily create a federal case. Pan American Petroleum Corp. v. Superior Court, 81 S.Ct. at 1308. There is no merit in Stauffer's reliance upon 15 U.S.C. § 717u.

For the foregoing reasons, we conclude that it was error to dismiss the action on the basis of either the doctrine of primary administrative jurisdiction of the Federal Power Commission or the exclusive jurisdiction of the United States District Court.

\* \* \* \* \* \*

The above rulings clarify the presence of equity jurisdiction. The Chancery Court indicated that the answers to the federal issues presented may demonstrate irreparable injury. With the aid of the views of the Federal Power Commission upon those issues, the Chancery Court will be enabled to make a definitive ruling as to the existence of irreparable injury.

■ Moreover, it is conceded that the quantities of gas, delivered by Eastern to Stauffer and by Stauffer to Hoechst, vary from day to day as alleged. Consequently, Eastern asserts that it is impossible to compute the continuing damages alleged to be accruing to Eastern from day to day; and that multiplicity of suits must result. This spells out "inadequate remedy at law."

Accordingly, we hold that it was error to dismiss the action on the ground of lack of equity jurisdiction.

### III.

■ We find no error in the denial of the preliminary injunction for the reason that the hardship to Hoechst and its employees, which would have resulted from the grant of injunctive relief, far outweighed any possible benefit to Eastern.

The grant of the preliminary injunction would have required Hoechst to close its plant and lay off its 150 employees. Comparatively, the benefits to Eastern are vague and uncertain: whether Eastern is in violation of the Natural Gas Act seems questionable; whether substantial sanctions would be imposed by the Commission, if there is such violation, is arguable; the effect of such possible events upon Eastern's reputation is conjectural; and damages arising from the 2% resale of gas by Stauffer to Hoechst are, comparatively, of little significance.

This balance of hardship weighs heavily against the preliminary injunction. Bayard v. Martin, 34 Del. 184, 101 A.2d 329 (1953); Turek v. Tull, 37 Del.Ch. 190, 139 A.2d 368, 374 (1958); Wilmington City Ry. Co. v. Taylor, D.Del., 198 F. 159, 197–198 (1912). For that reason the preliminary injunction was properly denied.

any liability or duty created by, or to enjoin any violation of, this chapter or

any rule, regulation or order thereunder \* \* \*."

* * * * * *

Accordingly, the judgment below is reversed as to the dismissal of the action and affirmed as to the denial of the preliminary injunction. The cause will be remanded for further proceedings not inconsistent herewith, including action upon Stauffer's alternate motion for a stay pending the outcome of the applications of Eastern and Stauffer now before the Federal Power Commission.