### Isaac Bornstein *vs.* John S. Doherty & another.

Suffolk.    November 29, 1909. — January 7, 1910.

Present : Knowlton, C. J., Morton, Loring, Sheldon, & Rugg, JJ.

*Easement*, Creation, Abandonment.  *Partition.*  *Tenants in Common.*  *Probate Court*, Jurisdiction.  *Equity Jurisdiction*, To enjoin interference with easement. *Way*, Private.

Where, by a decree of the Probate Court partitioning certain land between two persons who were seised of the fee as tenants in common, one of the tenants, besides having assigned to him a portion of the land by metes and bounds, also is given a right of way over land assigned to the other tenant in common and an easement for light and air in an open space " which space is to remain free and unobstructed for the purposes of said easement," although the decree does not make use of the word " heirs," such right of way and easement are granted in fee.

The Probate Court has jurisdiction, in making a partition of land among tenants in common, to annex reasonable easements to one part of the land and to impose reasonable servitudes upon another part for the benefit of the several owners in the use of their respective shares of the property.

At the hearing of a suit in equity in which the plaintiff sought to enjoin the defendant from interfering with a right of way and an easement of light and air, a material issue was whether the plaintiff had abandoned his right of way and the other easement.  The presiding judge found that he had not done so and reported the following facts : The owners of the plaintiff's building had never had any access to the yard or open space and passageway, excepting through the wall of their building abutting upon the open space.  At the time of a decree of partition by the Probate Court, which it was held created the right of way and the easement, which passed to the plaintiff by mesne conveyances, the first floor of the plaintiff's building was lighted by a large window and a small window and there was a door leading into the cellar from the open space.  About two years before the commencement of the suit, the plaintiff bricked up the cellar doorway and substituted a large window lighting the first story, leaving the premises with two windows in the first story looking into the yard, the surface of which was but a few feet below the first floor, but with no door or entrance into the yard.  On such facts the judge found " that the recent bricking up by the plaintiff of his cellar door does not amount to an abandonment of this right of way."  *Held,* that the finding was warranted.

Bill in equity, filed in the Superior Court on November 23, 1907, seeking to compel the defendants to remove a brick struc-

ture which was erected by them and which the plaintiff contended constituted an infringement of a right of way and easement of light and air belonging to him.

The case was heard by *Fox,* J., and the evidence was taken by a commissioner appointed under Equity Rule 35. There was a decree for the plaintiff; and the defendants appealed.

At the request of the defendants, the presiding judge made a report of the material facts in accordance with R. L. c. 159, § 23, among which were the following:

" All the buildings on the premises of which partition was made [as stated in the opinion] were three story brick buildings which are still standing. The owners of the plaintiff's building have never had any access to the open space and the passageway leading to Endicott Street, except through the wall of their building [which abutted on one side of the open space]. When the building was originally erected there was in the first story of this wall a doorway and probably no other opening. There were two windows in each of the upper stories as now. At some time the doorway in the first story was bricked up, and a window lighting the first story and a door leading to the cellar were substituted. Although the time of this substitution is not definitely fixed, I find upon all the evidence and my view of the premises that the substitution had been made before the decree of partition. The surface of the yard or open space, in which the defendants have erected the building complained of, was but a few feet below the first floor and head room for the cellar stairs was taken out of the room by means of a box, and above this box was a small window lighting the first story. At the time of the partition, therefore, the first story was lighted by a large window and a small window, and there was a door leading into the cellar from the yard. In the year 1905, the plaintiff bricked up the cellar doorway and took away the box on the first floor in his premises and substituted a large window lighting the first story, leaving the premises with two windows in the first story looking into the yard, but no door or entrance into said yard. There is no evidence that any of these changes in the openings in the wall have ever been objected to by the owners of the defendants' premises. I do not find that there was any well defined way through said open space or yard but the

plaintiff's cellar door was opposite the entrance to the covered passageway, each being at the rear of the plaintiff's and defendants' lots respectively. At the entrance from Endicott Street into said covered or arched passageway running through the defendants' building there was a door which was kept locked.

"At some time after the partition proceedings, a one story wooden shed was erected by the defendants' predecessors in title covering a part of the yard. This shed was not standing for a period of twenty years and was at all times several feet away from the windows of the plaintiff's building.

"I find that the easements in question have not been destroyed by the use which the owners of the defendants' building have made of their yard, and that the recent bricking up by the plaintiff of his cellar door does not amount to an abandonment of this right of way."

Other facts are stated in the opinion.

*C. F. Eldredge*, for the defendants.

*E. Greenhood & M. L. Lourie*, for the plaintiff, were not called upon.

KNOWLTON, C. J. This is a bill to enjoin the defendants from the maintenance of a building upon a passageway, and from interference with the plaintiff's right of way, and with his right to the enjoyment of light and air, in the occupation of his adjacent property. The estates of the two parties formerly belonged to one Rust, and after his death they descended to his two children, Daniel S. Dickerman and Caroline Bibber, who held them as tenants in common. By a decree of the Probate Court, bearing date April 28, 1884, founded upon a report of commissioners duly appointed by the court to make partition of the property between these two persons, which report was assented to in writing by them, the estate was divided, and the two parts set off to the brother and sister in severalty, and the partition was confirmed. After stating the appraisal of the property, the report proceeded as follows:

"1. To the said tenant in common, Daniel S. Dickerman, we have set off and assigned and do hereby set off and assign, as and for his one half thereof, the following portion of said real estate, to wit: A certain parcel of land with the buildings thereon, [describing it] . . . together with the use of a pas-

sageway, as appurtenant to said premises now existing in the
rear of the estate hereinafter set off to the said Bibber, and
running from these premises westerly to Endicott street; and
we do hereby further set off and assign unto the said Dicker-
man an easement for air and light in the open space in the rear
of the easterly house on said premises set off to said Carrie
Bibber, to be appurtenant to the premises of the said Dicker-
man, which space is to remain free and unobstructed for the
purposes of said easement. . . .

" 2.  To Carrie, also called Caroline Bibber, the other of said
tenants in common, we have set off as, and do hereby set off
and assign as and for her one half thereof, the portion of said
real estate bounded and described as follows [describing it],
. . . reserving to the said Dickerman the use of a passageway
as appurtenant to his said estate now existing in the rear of
these premises and running westerly to Endicott Street; also
the easement of air and light in the open space in the rear of
the most easterly house on these premises, which space is to re-
main free and unobstructed for the purposes of said easement."

The first contention of the defendants is that the right of way
and the easement of light and air were only for the life of Dick-
erman, and that they did not pass with the estate to the plain-
tiff, who by mesne conveyances has become the owner of the
portion of which the easements are a part.  The defendants
now own the part set off to Caroline Bibber.  There is no
foundation for this contention.  From the earliest times it has
been a principle of law that, in judicial proceedings for the
partition of land between tenants in common, the mere assign-
ment of portions of the property, in severalty, carries to each
tenant the same estate in the premises set off to him that he had
as a tenant in common of the whole property, and it is unneces-
sary to use the word "heirs" if the tenancy in common is in
fee simple.   Wash. Real Prop. (6th ed.) § 152.

This is as true of easements and appurtenances which are
annexed to one part of the estate and taken out of another part
of the estate as it is of a parcel of land itself.  There is no
sound principle upon which a distinction can be made between
these different interests in real estate.

There is no doubt of the jurisdiction of the court, in such

proceedings, to annex reasonable easements to one part of the land and impose reasonable servitudes upon another part, for the benefit of the several owners, in the use of their respective shares of the property. *Mount Hope Iron Co.* v. *Dearden*, 140 Mass. 430. *Hager* v. *Wiswall*, 10 Pick. 152. *Buck* v. *Wolcott*, 15 Gray, 502.

The defendants also contend that the plaintiff has lost his right of way by abandonment, by reason of his bricking up of a cellar door through the wall. The reported facts well justified the finding of the judge that this was not an abandonment of the plaintiff's right, and that the right remained as it was originally created. *Hayford* v. *Spokesfield*, 100 Mass. 491. *Vinton* v. *Greene*, 158 Mass. 426.

*Decree affirmed.*