# Miller et al. v. Reynolds et al.

(Decided March 23, 1937.)

(As Corrected on Denial of Rehearing June 25, 1937.)

WILLIAM H. MILLER and WILLIAM HILL MACKEY for appellants.

ROBERT L. BRONAUGH for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF— Affirming.

G. D. Reynolds died intestate in July, 1931, leaving surviving him his widow, Sarah Bell Reynolds, and six children, namely, Maggie Reynolds Miller, Delia Reynolds Walker, Ellard Reynolds, Toy Reynolds, Dorothy Reynolds, and Myrtle Reynolds, as his heirs at law.

In August following decedent's death, the widow, Sarah B. Reynolds, filed in the Jessamine county court her petition seeking a division of the landed estate of the deceased according to quality, quantity, and value. The county court appointed H. G. Turner, T. C. Robinson, and T. B. Moynahan, commissioners to partition the said land. Pursuant to this order a partition of the land was made in September, 1931, and in October following the commissioners filed their report, which laid over the necessary time for exceptions, and none having been filed, the report was confirmed and deeds were executed to the parties to their respective shares of the land as reported by the commissioners.

The widow was allotted her statutory dower interest in the land, and the six children were allotted the remainder, one-sixth each. The share or parcel of land allotted to Delia Reynolds Walker, one of the appellees herein, was designated in the commissioners' report as lot No. 4, describing it by metes and bounds, and at the end of the description appears this sentence:

"The said Delia Walker is granted a passway leading from the door of the barn of said 60½ acre tract directly west to the passway as it now exists and thence over tracts Nos. 5 and 6 to the Union Mills Pike."

The parcel of land allotted to appellant Maggie Miller was designated as lot No. 5, and, as will be seen, the passway granted to appellee Delia Walker runs through lot No. 5.

There was an old road or passway running through the farm of the deceased, G. D. Reynolds, and this road was not disturbed by the commissioners in the partition of the land, and it appears that ingress and egress could be had to and from all parcels of land allotted to the respective parties by the use of the old passway; but it appears that it would be more convenient for appellee Delia Walker to use the passway provided by the commissioners over lot No. 5 to reach the old passway,

and after the land was divided appellee generally used the old passway as means of ingress and egress to her property, except, however, on a few occasions she passed over the lot of appellant using the passway over lot No. 5, provided for in the commissioners' report, and no question was raised about the matter until about nine months after the deeds were executed, at which time Mrs. Walker openly asserted her right to use the new passway. Thereupon appellant brought this action in the Jessamine county court under section 518 of the Civil Code of Practice, seeking to have the order confirming the commissioners' report set aside and asked for a redivision of the land.

Appellant, plaintiff below, alleged in her petition, in substance, that in November, 1935, there was filed in the office of the county court clerk of Jessamine county a report which was signed by the commissioners but that the report was prepared by Robert L. Bronaugh, who was at that time employed by all the heirs, being plaintiffs' and defendants' attorney. She further alleged that she went to the office of Mr. Bronaugh and he was absent, and she asked Mr. Bronaugh's stenographer, Miss France Buford, to read to her the description of the land allotted to her by the commissioners, and Miss Buford read the description of the land that she was to receive, but did not read to her that part of the report providing for the passway in question over the parcel of the land she was to receive. She further stated that relying upon the statements of Mr. Bronaugh and his stenographer, Miss Buford, that she was to receive a fee-simple title deed to the parcel of land described as having been allotted to her, "and that because of said fraud plaintiff did not and could not with reasonable diligence have discovered the fraud in time to have filed exceptions to the commissioners' report; that notwithstanding said report as signed by said commissioners and now of record in the Jessamine county court clerk's office and purports to be said commissioners' report, is not and was not the said commissioners' report." She further alleged that she was advised that the deeds to the various tracts of land in the division of the landed estate of her father, the decedent, were prepared and presented to the special commissioner J. S. Burch, by Mr. Bronaugh, attorney for plaintiffs and defendants, and that said Burch signed

the deeds as prepared by Mr. Bronaugh and knew nothing of the contents thereof.

By answer and subsequent pleadings the issues were made and the evidence taken, and upon submission of the cause for trial the court refused to grant appellant the relief sought and dismissed her petition, and to reverse that judgment she has prosecuted this appeal.

Apparently appellant relies upon either or both subsections 4 and 7 of section 518 of the Civil Code of Practice. Subsection 4 reads: "For fraud practiced by the successful party in obtaining the judgment." Appellant did not allege or charge any fraud against appellee or any of the other heirs or widow, all of whom were made parties defendant. She admits that the report was signed by the commissioners and filed in the office of the county clerk, but does not allege that she examined the report or made any attempt to inform herself of its contents other than ask the stenographer of Mr. Bronaugh, who apparently was representing all the heirs, to read to her the report. She does not allege that she was unable to read the report for herself, which was read to her by Miss Buford, or why she did not examine or read the report filed in the office of the county clerk. It is at once apparent that she alleges no fraud on the part of any of the defendants—hence subsection 4 is not here applicable.

Subsection 7 reads: "For unavoidable casualty or misfortune, preventing the party from appearing or defending." We do not think this section is applicable under the allegations of plaintiff's petition. All her petition discloses is that she did not read the report for herself or attempt to do so but merely relied upon information given to her by Miss Buford. There is no complaint that she was prevented from appearing at the trial or proceeding had to partition the land, or that she had no opportunity to see or examine the report of the comissioners. In fact, when the report was filed in the county clerk's office it constituted constructive notice to her of its contents, and in the absence of an allegation or showing that she was prevented from examining it she cannot now complain. Holliday v. Tennis Coal Co., 264 Ky. 371, 94 S. W. (2d) 657; Denny v. Wickliffe, 1 Metc. 216.

In Bone v. Blankenbaker, 71 S. W. 638, 24 Ky. Law

Rep. 1438, it is held that a new trial will not be granted on account of neglect of parties or their attorney. Byron et al. v. Evans, 263 Ky. 49, 91 S. W. (2d) 548. See, also, McCommas v. McCawley, 228 Ky. 263, 14 S. W. (2d) 1057; McGuire v. Mishawaka Woolen Mills, 218 Ky. 530, 291 S. W. 747; Carter et al. v. Miller, 264 Ky. 532, 95 S. W. (2d) 29.

It is shown by the evidence that in addition to Mr. Bronaugh representing all the heirs in general, another attorney, Mr. Saunders, represented the appellant. She was asked what paper Mr. Saunders had shown her, and she answered: "It was the commissioners' report, I guess." It will be seen that her own attorney examined the report and showed it to her, which afforded her, as well as her attorney, an opportunity to inform themselves of the nature of the report. According to the evidence of two of the commissioners, it appears that they were not certain that they knew that the report contained the provision for the right of way in question over appellant's land, but they admit that they signed the report as prepared by some of the attorneys representing the heirs. But it is not shown that they would not have signed the report had they known of the provision for the right of way in question, nor is it shown that this right of way through appellant's land would have constituted an unequal or unfair division of the land.

The argument is that the commissioners had no right to provide any new passway over any parcel of land allotted, since there was already a road available to all parties in the use of their respective parcels of land. We cannot accept this argument.

The commissioners had the right under their appointment and authority to take into consideration ingress and egress to the parcels of land allotted to the respective parties in order to equalize them in value, as well as quantity. Convenient means of ingress and egress to property is a proper element to be taken into consideration when fixing its value. Morris v. Daniel, 183 Ky. 780, 210 S. W. 668, 670.

In the Morris Case, supra, the question involved was very similar to the one involved in the present case, except in that case the commissioners' report had not been confirmed by the court and recorded in the proper office. Speaking on this question, the court said:

"If the report had been confirmed by the court and recorded in the proper office, no doubt it would have become a link in the chain of title which would have impressed itself upon the muniments thereof, in such a way as to have given notice to all subsequent holders of the servient estate that the right to the road existed and was an incumbrance thereon, which right could not have been defeated, except by an adverse user or holding for the statutory period."

In the present case the commissioners' report had been filed in the proper office, laid over the necessary time for exceptions, deeds made and accepted by the parties, and recorded. It is seen that the facts of this case come clearly within the rule quoted above.

We do not think that either the pleadings or evidence in this case is sufficient to entitle appellant to relief under any of the provisions of section 518 of the Civil Code of Practice, and that the court properly dismissed her petition.

Judgment affirmed.