COAXIAL COMMUNICATIONS, INC.,
Defendant below, Appellant,

v.

CNA FINANCIAL CORPORATION,
Plaintiff below, Appellee.

Supreme Court of Delaware.

Submitted Sept. 9, 1976.

Decided Sept. 10, 1976.

E. Norman Veasey and R. Franklin Balotti of Richards, Layton & Finger, Wilmington, and Leva, Hawes, Symington, Martin & Oppenheimer, Washington, D. C., of counsel, for defendant-appellant.

Charles S. Crompton, Jr., Robert K. Payson and Michael D. Goldman of Potter, Anderson & Corroon, Wilmington, for plaintiff-appellee.

Before DUFFY and McNEILLY, JJ., and BALICK, Judge.

DUFFY, Justice:

In the Court of Chancery CNA Financial Corporation, a Delaware corporation, (plaintiff), sought and secured an order under 8 Del.C. § 211 directing that an annual meeting of the shareholders of Coaxial Communications, Inc., a Delaware corporation, (defendant), be held for the purpose of electing a Board of Directors.[1] A Master was appointed to call and hold the meeting. This appeal followed.[2]

I

The complaint alleges, and it seems undisputed, that CNA is the owner of approximately 50.98% of the issued and outstanding stock of Coaxial. Before the complaint was filed in the Court of Chancery, Coaxial had filed an action against CNA in the United States District Court for the Southern District of Ohio in which it charged CNA with violating Federal Securities Acts, fraud and breach of contract in the transactions by which it acquired the interest in Coaxial; Coaxial sought recision or reformation of those transactions. CNA filed a counterclaim in which, says Coaxial, CNA sought an order for an an-

---

1. 8 Del.C. § 211 provides in part:

   "(c) . . . If there be a failure to hold the annual meeting for a period of 30 days after the date designated therefor, or if no date has been designated, for a period of 13 months after the organization of the corporation or after its last annual meeting, the Court of Chancery may summarily order a meeting to be held upon the application of any stockholder. The shares of stock represented at such meeting, either in person or by proxy, and entitled to vote thereat, shall constitute a quorum for the purpose of such meeting, notwithstanding any provision of the certificate of incorporation or bylaws to the contrary. The Court of Chancery may issue such orders as may be appropriate, including, without limitation, orders designating the time and place of such meeting, the record date for determination of stockholders entitled to vote, and the form of notice of such meeting."

2. Because the appeal was submitted four days before the scheduled meeting date, it was decided by an order of the Court, with a formal opinion to follow at a later date.

nual meeting of stockholders; CNA says that it did not seek § 211 relief. On June 2, 1976 CNA filed this action in Delaware.

## II

We first consider CNA's motion to dismiss the appeal on the ground that it is not timely.

■ On June 18, 1976 the Trial Court denied Coaxial's motion for a stay of the action pending determination of the Federal suit in Ohio, and an appeal was not taken from that ruling. CNA argues that since trial has been held on the merits, and a decision rendered, appeal of the stay order is moot; it says that Coaxial cannot now be granted the relief sought and denied by the Chancellor, that is, a stay of proceedings, because the trial has been held. In our view, such argument is without merit.

■ The issue argued by CNA is governed by 10 Del.C. § 144, which is determinative; it provides:

"A failure to appeal from an interlocutory order, . . . of the Court of Chancery . . . shall not bar a party from making any objection to such interlocutory order, . . . on appeal from the final order, . . . ."

Beyond doubt, the Chancellor's order denying the stay was interlocutory; it is equally clear that his order of July 19, 1976 was a final one on the merits of the complaint. Thus, under § 144, his ruling on the application for a stay is reviewable by this Court in its consideration of the case after final order by the Trial Court. In other words, the fact that there has been a trial on the merits does not preclude our inspection of the interlocutory order pursuant to § 144. Compare *Shellburne v. Roberts,* Del.Supr., 238 A.2d 331 (1967), and *Martin v. American Potash & Chemical Corp.,* Del.Supr., 33 Del.Ch. 234, 92 A.2d 295 (1952).

■ We recognize that under some circumstances a meaningful review of an interlocutory order cannot be made after trial because events have mooted the issue settled by the order; but such circumstances are not present here. The central question in this litigation is whether CNA should be accorded relief by Delaware Courts under § 211, or whether such relief should be denied pending a determination of the issues presented to the Federal Court. That issue was very much alive after trial and, apparently, at the time when the appeal was submitted for decision by this Court. Hence, effective relief was available if Coaxial could persuade the Court to grant it.

It follows from the foregoing that CNA's motion to dismiss the appeal must be denied.

## III

■ We turn now to the heart of the matter. It seems plain that plaintiff made out a prima facie case for relief under § 211 because it proved that: (1) CNA is a stockholder of Coaxial and (2) there had not been a meeting of stockholders for election of directors during a period of more than thirteen months. *Prickett v. American Steel and Pump Corporation,* Del.Ch., 251 A.2d 576 (1969), aff'd Del. Supr. (1969). Upon the presentation of such proof the question then is, did the Chancellor abuse his discretion by refusing to stay the action pending a determination of the Federal litigation in Ohio.

■ The criteria for determining whether or not a stay should be granted by a Delaware Court is governed by settled law in our State. In *McWane Cast Iron P. Corp. v. McDowell-Wellman E. Co.,* Del. Supr., 263 A.2d 281 (1970), this Court endorsed the following propositions:

"[A] Delaware action will not be stayed as a matter of right by reason of a prior action pending in another jurisdiction involving the same parties and the same

issues; . . . such stay may be warranted, however, by facts and circumstances sufficient to move the discretion of the Court; . . . such discretion should be exercised freely in favor of the stay when there is a prior action pending elsewhere, in a court capable of doing prompt and complete justice, involving the same parties and the same issues; . . . as a general rule, litigation should be confined to the forum in which it is first commenced, and a defendant should not be permitted to defeat the plaintiff's choice of forum in a pending suit by commencing litigation involving the same cause of action in another jurisdiction of its own choosing; . . . these concepts are impelled by considerations of comity and the necessities of an orderly and efficient administration of justice."

See also *United Engineers, Inc. v. Sperry Rand Corporation,* Del.Supr., 269 A.2d 221 (1970). The issue, of course, is whether the facts of this case come within the established criteria for a stay.

■ Assuming that CNA, in its counterclaim, sought an order for a stockholders' meeting, we have no doubt that the Federal Court is capable of doing complete justice between the parties as to issues which are tendered here as well as there, and, under the general rule, litigation between these parties over such issues should be confined to that forum. But we think that the *McWane* exception applies because it does not appear that Coaxial made the requisite showing before the Chancellor that "prompt" justice is available in the Ohio litigation. We emphasize that this comment is made in the context of a § 211 proceeding which, by its nature, involves only the proof we have noted: that plaintiff is a stockholder and that a meeting to elect directors has not been held for more than thirteen months.

■ The statutory purpose is to provide relief to a stockholder who makes such a showing. To that end, § 211 permits the Court of Chancery to "summarily order a meeting to be held" upon the application of 'any stockholder. The mandate of 8 Del.C. § 211(b) is that an annual meeting of stockholders "shall be held for the election of directors" and alternative procedures are provided to assure that there is corporate compliance therewith. Petition to the Court of Chancery is one of these. The statute does not distinguish between large and small stockholders, nor between those in accord with and those in opposition to existing management. Each has the right to invoke judicial aid to compel compliance with § 211. There is, of course, nothing in the statute which suggests that the right to a Court ordered meeting should await the result of other controversies with management. Given the importance of an annual meeting of stockholders in the administration of corporate affairs, "prompt" relief is essential under § 211. For that reason, it is a relevant factor, under both *McWane* and the statute, when the Court is asked to stay such an action on the ground that the same issue is in litigation in another jurisdiction.

In view of the status of the Ohio proceeding at the time this case was tried, we conclude that the Chancellor did not abuse his discretion by denying the stay. The Federal litigation involves complex issues as to whether CNA breached duties it owed plaintiffs in that case under Section 10(b) of the Securities Exchange Act of 1934, Rule 10b–5, promulgated by the Securities and Exchange Commission, and those arising out of common law contractual and fiduciary concepts. As we have noted, Coaxial's application to the Federal Court is for recision or reformation of the transactions under attack. The Chancellor concluded that the claim asserted here under a Delaware statute governing internal corporate affairs embodied a "summary proceeding isolated from the Ohio forest" and it should go forward as such. We find no abuse of his discretion in so ruling.

Affirmed.