■ JACQUE MOSHER et al., Respondents, v RICHARD L. HART et al., Appellants.—Mahoney, P. J. Appeal from a judgment of the Supreme Court (White, J.), entered May 11, 1988 in Fulton County, upon a decision of the court, without a jury, in favor of plaintiffs.

Sarah Hart owned a large farm in the Town of Ephratah, Fulton County. In 1978 she conveyed a portion of the family homestead to plaintiffs, a daughter and her husband. She also conveyed a one-half interest in another portion of the family homestead to defendants, a son and his wife. The deeds reserved an existing right-of-way to plaintiffs across the property conveyed to defendants. A dispute arose among the parties concerning the precise location and extent of the right-of-way, as well as title to a certain eight-acre parcel. Plaintiffs commenced this action for damages and injunctive relief and defendants answered, denying the material allegations of the complaint and asserting a counterclaim for trespass. Following a nonjury trial, Supreme Court granted plaintiffs a 25-foot-wide right-of-way across defendants' property and divided the eight-acre parcel in such a manner that defendants received about two acres. From the judgment entered thereon, defendants appeal.

There is no question that plaintiffs were granted a right-of-way over defendants' property. This action concerns the right-of-way's location, which is not specified in the deeds. Under such a situation, a reasonable and convenient location is implied and the owner of the servient estate has the right to designate a route so long as it is reasonable and convenient under all the circumstances *(see, e.g.,* 49 NY Jur 2d, Easements and Licenses in Real Property, § 102, at 206).

Here, plaintiffs testified that the route designated by Supreme Court was only one of several paths used across the property conveyed to defendants and was not usually used

when crops were growing on that field. The proof makes it further apparent that plaintiffs used a different, albeit longer, route across defendants' land for some time prior to this action. Since a right-of-way across defendants' property during the growing season could be a great hinderance to efficient farming practices and plaintiffs apparently used an alternate route across defendants' property, we conclude that Supreme Court's designation of the right-of-way was erroneous. Instead, the right-of-way should be located in accordance with the route marked in blue on plaintiffs' exhibit No. 5 and should be limited to a reasonable width (see, e.g., 49 NY Jur 2d, Easements and Licenses in Real Property, § 126, at 232-235), which we determine to be 20 feet.

Regarding the disputed eight-acre parcel, it is uncontroverted that the boundary to the parties' respective properties was delineated by a stone wall. The evidence establishes that the parcel is divided by a stone wall. Considering that Supreme Court was best able to assess the credibility of the parties concerning the use and character of the parcel on either side of the stone wall, we see no reason to disturb Supreme Court's division of the parcel between the parties along the stone wall.

Judgment modified, on the law and the facts, without costs, by reversing so much thereof as granted plaintiffs a specified 25-foot-wide right-of-way across defendants' property; plaintiffs granted a 20-foot-wide right-of-way across defendants' property as specified by the route marked in blue on plaintiffs' exhibit No. 5; and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Weiss and Harvey, JJ., concur.