**In the Matter of the Real Estate
of Albert H. MARTA and
Frank E. Acierno.**

No. 153, 1995.

Supreme Court of Delaware.

Submitted: Dec. 5, 1995.
Decided: Feb. 21, 1996.

Charles M. Oberly, III (Argued), Oberly & Jennings, Wilmington, for Appellant–Frank E. Acierno.

Richard H. Morse and Larry J. Tarabicos (Argued), Young, Conaway, Stargatt & Taylor, Wilmington, for Appellee–Albert H. Marta.

Before VEASEY, C.J., WALSH, and HARTNETT, JJ.

HARTNETT, Justice.

### I.

This is an appeal from an Order of the Court of Chancery which confirmed the Final Report of the Master in Chancery providing for the partition of a tract of land owned by Appellant, Frank E. Acierno ("Acierno"), and Appellee, Albert H. Marta ("Marta"). As part of his Final Report, the Master recommended the location of the division line between the parcel assigned to Acierno and the parcel assigned to Marta and the location of an access easement to lead to the lands assigned to Marta across the lands assigned to Acierno. Acierno appeals the granting of the access easement.

We affirm the Order of the Court of Chancery.

### II.

Acierno and Marta own as tenants in common a 350–acre tract of land located just southeast of the Christiana Mall in New Cas-

tle County. The property lies adjacent to an interchange that provides access to Delaware Route 7.

In 1992, Marta filed a petition for the partition of the land in the Court of Chancery. In his petition, Marta suggested a plan for dividing the land into two parcels and for apportioning the parcels between the two owners. Marta also proposed an easement to provide access from both post-partition parcels to the Route 7 interchange. In his Answer, Acierno objected to Marta's proposal and offered his own plan for the division of the land, including his own location for the proposed easement. Ultimately, Marta agreed by stipulation to the division line proposed by Acierno, but objected to the location of the access easement suggested in the Acierno plan.

In a Pretrial Stipulation and Order entered prior to the trial before the Master, the dispute was limited to three issues: (1) the location of the easement giving access from the Route 7 interchange to the two parcels of land to be created by the partition; (2) whether the partition action should be stayed pending relevant governmental administrative decisions; and (3) which party would get which parcel of land.

At the trial before the Master, Marta introduced the testimony of only one witness, Ramesh C. Batta, a professional engineer who testified as an expert witness, as to the appropriateness of the easement as originally proposed by Marta. Acierno did not offer any evidence on the issue of the location of the easement. Instead, he chose to attempt to discredit Mr. Batta's testimony by cross-examination. Neither party offered any evidence to show that the matter should be stayed.

The Master found Mr. Batta well qualified and determined that his testimony was credible. Relying on Mr. Batta's testimony, the Master issued his Final Report accepting Marta's proposed location of the easement. The easement affords access to both the parcel assigned to Marta and to the parcel assigned to Acierno. It also bisects the parcel assigned to Acierno, thereby dividing his parcel into a 15–acre tract and a larger tract.

Acierno timely filed exceptions to the Master's Final Report.

The Court of Chancery reviewed the Master's Final Report along with the exceptions filed by Acierno. The Court of Chancery found Acierno's exceptions to be without merit and approved the Master's Final Report in full. *In re: the Real Estate of Albert H. Marta and Frank E. Acierno,* Del.Ch., C.M. 6763–NC, Jacobs, V.C., 1995 WL 130758 (March 16, 1995). On April 3, 1995 it entered a Final Order and this appeal followed.

## III.

Acierno initially argues that the Court of Chancery should not have granted the easement proposed by Marta. In support of this argument, Acierno contends that the granting of an easement was improperly based on a finding of necessity. According to Acierno, the factual predicates necessary for a finding of an easement by necessity were never established before the Master. Alternatively, Acierno contends that the Court of Chancery improperly approved the easement because the evidence before it was insufficient to support a finding that the location of the proposed easement was fair and equitable to both parties. Additionally, Acierno argues that the Court of Chancery erred when it did not stay the action pending the approval of the design and location of the proposed easement by the Delaware Department of Transportation and the New Castle County Department of Planning.

## IV.

■ The issue of whether the court of Chancery properly created the easement as part of the partition action is a mixed question of law and fact. Whether the Court properly invoked its jurisdiction in granting the easement is a question of law appropriate for plenary review. *Judge v. Rago,* Del. Supr., 570 A.2d 253, 255 (1990); *Rohner v. Niemann,* Del.Supr., 380 A.2d 549 (1977). The determination by the Court of Chancery as to the proper placement of the easement presents a finding of fact, and, as such, it will not be disturbed by this Court if it is sufficiently supported by the record below and is

the product of an orderly and logical deductive process. *Levitt v. Bouvier,* Del.Supr., 287 A.2d 671, 673 (1972).

Acierno first contends that the Court of Chancery erroneously granted an easement by necessity because there was not sufficient evidence before it to establish that, absent the easement, the parcel to be assigned to Marta would be landlocked. In support of this argument, Acierno cites *Pencader Associates, Inc. v. Glasgow Trust,* Del.Supr., 446 A.2d 1097 (1982), which held that an easement cannot arise by way of necessity unless there is no other access available to a parcel of land. This argument fails for several reasons.

■ The argument is procedurally barred. It was not asserted as an exception to the Master's Final Report. Ch.R. 144. It was also not raised before the Vice Chancellor and, therefore, it cannot be considered here. Supr.Ct.R. 8.

Even if this issue could be considered by us, the easement created by the Court of Chancery was not based on the existence of necessity. The easement was the product of an agreement between the parties. Both parties agreed that the land that they owned as tenants in common should be partitioned in this proceeding. In conjunction with the partition action, both parties stipulated to the Pretrial Order which stated that one of the three issues in dispute was the proper location of the easement. It is implicit in this stipulation that Marta and Acierno both deemed an easement appropriate, but only disagreed as to its location. Additionally, each of the partition plans submitted by Marta and Acierno included a proposed easement. It is clear that Marta and Acierno both agreed that an easement be created concurrently with the partition, leaving the Court of Chancery to decide only where the easement should be located.

■ After the parties agreed to the appropriateness of the easement, it was within the power of the Court of Chancery to determine its proper location. Once parties have agreed to an easement the court may fix the bounds of the right of way. *Cheever v.*

*Graves,* 32 Mass.App.Ct. 601, 592 N.E.2d 758, 761 (1992) (citation omitted). The location selected for the easement need only be reasonable and convenient under all the circumstances. *See Mosher v. Hart,* 157 A.D.2d 931, 550 N.Y.S.2d 187, 188 (1990); 7, *Thompson on Real Property, Thomas Edition* § 60.04(c), at 459–60 (Thomas, ed. 1979).

██ Even if the parties had not consented to the creation of the easement, the Court of Chancery could have provided for the easement incident to its power to partition land. 25 Del.C. § 751; 59A Am.Jur.2d *Partition* § 299, at 172–73 (1987). Partition is a well settled remedy exclusively within the jurisdiction of the Court of Chancery. *Peters v. Robinson,* Del.Supr., 636 A.2d 926, 928–29 (1994); *see* 25 Del.C. § 701 et seq. When partitioning a parcel of land the court may evoke its equitable powers to ensure the land's fair distribution. 25 Del.C. § 751; *Allendorf v. Daily,* 6 Ill.2d 577, 129 N.E.2d 673, 679 (1955) (citation omitted); *Bornstein v. Doherty,* 204 Mass. 280, 90 N.E. 531 (1910). Included in these equitable powers is the right to create an easement if the court deems that one is necessary to protect the respective value of the parcels. 68 C.J.S. *Partition* § 142, at 233 (1951); 4 *Pomeroy's Equity Jurisprudence* § 1389, at 1017 (5th ed. 1941); *see Miller v. Reynolds,* 269 Ky. 228, 106 S.W.2d 648, 649 (1937) (recognizing that the availability of convenient means of ingress and egress to the lands partitioned is an appropriate consideration when determining the value of the parcels); *Gonzalez v. Gonzalez,* 174 Cal. 588, 163 P. 993, 996 (1917) (reasoning that an easement was required "in order to make possible a fair and equitable partition of the property").

Acierno also asserts that the Court of Chancery had insufficient evidence before it to evaluate the proper location of the easement when considering its impact on the value of the post-partition parcels. We disagree.

██ There was ample evidence in the record to have enabled both the Master and the Vice Chancellor to determine the effect of the easement on the value of the parcels created by the partition. In adopting the Master's Final Report, the Court of Chancery reviewed the testimony of Mr. Batta, who testified at length that the easement proposed by Marta was appropriate based on the amount of traffic the parcels would generate when developed and the Department of Transportation standards for handling traffic. Moreover, the Court of Chancery recognized that Acierno had presented no evidence to the Master to rebut Mr. Batta's testimony or to even suggest that the easement proposed by Marta would detrimentally affect the value of the lands to be assigned to him. Nor did he ever provide the Master with a proposed easement that would have been less burdensome to his lands.

The testimony presented by Mr. Batta was sufficient to show that the easement proposed by Marta would result in a fair partition, with the lands assigned to each enjoying equal relative value and having access suitable for future development. This uncontroverted testimony provided a factual basis sufficient to support the Court of Chancery's approval of the Master's Final Report, including the location of the easement.

## V.

██ We review the Court of Chancery's denial of Acierno's motion to stay for an abuse of discretion. *Coaxial Communications, Inc. v. CNA Financial Corp.,* Del. Supr., 367 A.2d 994, 997–98 (1979).

██ Acierno argues that the Court of Chancery should have applied the doctrine of primary administrative jurisdiction to stay the partition proceedings pending administrative action by the Delaware Department of Transportation or the New Castle County Department of Planning. Under that doctrine, a court may stay an action and refer the issue before it to the appropriate administrative body. *Levinson v. Delaware Comp. Rating Bureau,* Del.Supr., 616 A.2d 1182, 1187 (1992); *Eastern Shore Natural Gas Co. v. Stauffer Chemical Co.,* Del.Supr., 298 A.2d 322, 325 (1972); *Webb v. Diamond State Telephone Co.,* Del.Ch., 237 A.2d 143, 145 (1967). This allows a court to avail itself of the expertise of an administrative agency that has "special competence in the matter at hand." *Eastern Shore Natural Gas Co.,* 298

A.2d at 325. "Application of the doctrine of primary administrative jurisdiction results in the staying or abstention of the judicial process until the proper administrative agency has made its ruling. . . ." *Levinson,* 616 A.2d at 1187 (citation omitted).

According to Acierno, the Court of Chancery should have allowed these agencies to review the proposed easement before it was created in the partition proceedings. This, he contends, would have prevented the court from granting an easement which may later become useless if either agency refuses to permit access from it to the nearby public highway.

 While in certain situations it may be advisable to stay a proceeding pending action of an administrative body in an effort to promote judicial economy, in the present case it was not an abuse of discretion for the Court of Chancery to deny Acierno's motion to stay the partition proceedings. Both the Master and the Vice Chancellor reviewed and rejected Acierno's pleas for the application of the doctrine of primary administrative jurisdiction, finding that Acierno had failed to demonstrate any equities which would have supported an exercise of discretion in favor of a stay. Additionally, they both found that Acierno had moved for a stay solely in an effort to delay the proceedings as part of an ongoing strategy to protract this litigation.

Although Acierno failed to show any reason why the action should be stayed pending the administrative approvals, Marta, on the other hand, presented expert testimony on the proper size and location of the easement based on the Department of Transportation's traffic regulations and accepted engineering standards for the safe accommodation of vehicular traffic. Based on this evidence, it was reasonable for the Vice Chancellor to have found that the easement advanced by Marta would gain any necessary administrative approvals.

### VI.

In conclusion, we find that the Court of Chancery appropriately exercised its equitable powers in providing the easement set forth in the Master's Final Report. Addi-

tionally, we find no abuse of discretion in the Vice Chancellor's denial of Acierno's motion to stay the partition proceedings. The judgment of the Court of Chancery is, accordingly, AFFIRMED.