IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SIRENA RENEE PERMENTER and JOHN E. PERMENTER,[1] | § § § | No. 184, 2014 |
| Defendants-Below, Appellants, | § § § | |
| v. | § § § | Court Below:  Superior Court of the State of Delaware, in and for New Castle County |
| CHASE HOME FINANCE, LLC and FEDERAL HOME LOAN MORTGAGE CORPORATION,[2] | § § § § § | C.A. No. N10L-05-167 |
| Plaintiffs-Below, Appellees. | § § | |

Submitted:  June 13, 2014
Decided:  July 16, 2014

Before **STRINE**, Chief Justice, **HOLLAND**, and **RIDGELY**, Justices.

## O R D E R

This 16th day of July 2014, upon consideration of appellant Sirena Permenter's opening brief and appellee Freddie Mac's motion to affirm, it appears to the Court that:

---

[1] Although Sirena Permenter, acting *pro se*, named John Permenter as an appellant in her notice of appeal, John Permenter did not sign the notice of appeal or otherwise indicate his intention to appeal the Superior Court's decision.  Therefore, despite the caption used by Permenter in her notice of appeal, we refer to the appellant in the singular as Permenter.

[2] On August 13, 2013, the property at issue in this case was sold at Sheriff's sale to JPMorgan Chase Bank, successor-in-interest by merger to Chase Home Finance, LLC ("Chase").  JPMorgan Chase assigned its bid to Federal Home Loan Mortgage Corporation ("Freddie Mac").  Freddie Mac holds the deed to the property and obtained a writ of possession from the Superior Court.  Therefore, despite the caption used by Permenter in her notice of appeal, we refer to the appellee in the singular as Freddie Mac.

(1) Permenter filed this appeal from an order of the Superior Court, dated April 14, 2014, which denied her motion to reopen this mortgage foreclosure action and denied her motion to stay execution of the writ of possession issued by the Superior Court allowing Freddie Mac to remove the Permenters from the property. We find no merit to Permenter's appeal. Accordingly, we affirm the Superior Court's judgment.

(2) On November 9, 2009, Chase, the mortgage holder, issued a notice to the Permenters that they were in default of their mortgage payments. Chase filed a complaint on May 14, 2010 seeking to foreclose on the Permenters' mortgaged property. The Permenters failed to respond. Chase therefore obtained a default judgment on July 21, 2010. In July of 2013, the Permenters first appeared in the action and filed a motion to compel and a motion to stay, which the Superior Court denied. The property was sold at Sheriff's sale on August 13, 2013. The sale was confirmed on September 20, 2013.

(3) Title to the property was transferred to Freddie Mac on November 1, 2013. Freddie Mac filed a writ of possession on November 18, 2013. The Superior Court issued a notice to the Permenters directing them to show cause why the writ of possession should not be granted to Freddie Mac. A hearing was held on January 10, 2014. The Superior Court made Freddie Mac's writ of possession absolute but delayed lock-out of the Permenters for ninety days. On April 4, 2014,

Permenter filed a motion to stay the lock-out. The Superior Court generously construed the motion to stay to include a request to reopen the judgment under Rule 60(b). The Superior Court denied both requests. This appeal followed.

(4) Permenter filed a document on June 6, 2014, which this Court deemed to be her opening brief on appeal. The document sets forth no discernible argument contending that the Superior Court committed any error in her case. Rather, the document contains a random amalgam of citations to various provisions of the United States Constitution and the Uniform Commercial Code. The gist of Permenter's document appears to be a claim that she is the victim of fraud.[3]

(5) Although this Court allows *pro se* appellants some leeway in meeting the briefing requirements of Supreme Court Rule 14, an opening brief on appeal, at the very least, must assert an argument that is capable of review.[4] Permenter's brief does not set forth any argument claiming error in the Superior Court's denial of her motion to stay and to reopen the foreclosure proceedings.

---

[3] To the extent that Permenter could ever establish fraud as a valid defense to the foreclosure action, she waived such a defense by failing to appear and file an answer to the complaint below in 2010. *See Quarles v. Citicorp Trust Bank*, 2005 WL 535015, at *1 (Del. Feb. 7, 2005).

[4] *In re Hall*, 2005 WL 2473791, at *1 (Del. Aug. 26, 2005); *Yancey v. Nat'l Trust Co.*, 1998 WL 309819, at *1 (Del. May 19, 1998).

(6) The grant or denial of a motion to stay and a motion to reopen are within the sound discretion of the trial court.[5] Permenter's motion below failed to offer any grounds to stay the writ of possession or to reopen the mortgage foreclosure proceedings. Under the circumstances, we find no abuse of discretion in the Superior Court's denial of Permenter's motion.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[5] *See In re Marta*, 672 A.2d 984, 987 (Del. 1996) (denial of motion to stay reviewed for abuse of discretion); *Battaglia v. Wilmington Savings Fund Soc'y*, 379 A.2d 1132, 1135 (Del. 1977) (denial of motion to open a judgment is within trial court's discretion).