IN THE SUPREME COURT OF THE STATE OF DELAWARE

JAMES COPPEDGE & KRISHA § 
JOHNSON COPPEDGE, §
 §
 Defendants Below, §
 Appellants, § No. 466, 2014
 §
 v. §
 § Court Below—Superior Court
US Bank National Association, as § of the State of Delaware,
Trustee for BAFC 2007-3 assignee § in and for Kent County,
of Mortgage Electronic Registration § C.A. No. K11L-02-042
System, Inc., as nominee for §
American Home Mortgage, §
 §
 Plaintiff Below, §
 Appellee. §

Submitted: September 29, 2014
Decided: November 5, 2014

Before **HOLLAND**, **RIDGELY**, and **VALIHURA**, Justices.

## ORDER

This 5th day of October 2014, upon consideration of the appellants' opening brief, the appellee's motion to affirm,[1] and the record below, it appears to the Court that:

(1)     The appellants, James Coppedge and Krisha Johnson Coppedge (the "Coppedges"), filed an appeal from the Superior Court's August 22, 2014 order

---

[1] The Court has not considered the Coppedges' request to respond to the motion affirm, which is essentially a response to the motion to affirm. Under Supreme Court Rule 25(a), a response to a motion to affirm is not permitted unless it is requested by the Court.

denying their motion to set aside a prior judgment and to stay a sheriff's sale. The appellee, US Bank National Association, as Trustee for BAFC 2007-3 assignee of Mortgage Electronic Registration System, Inc., as nominee for American Home Mortgage ("Bank"), has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit.[2] We agree and affirm.

(2) The record reflects that, in February 2011, the Bank filed a complaint against the Coppedges seeking to foreclose on their property located at 52 Barkley Court, Dover, Delaware 19904 (the "Property"), due to their failure to make mortgage payments. The complaint was filed pursuant to 10 *Del. C.* § 3901(a), which requires the defendant to file an affidavit setting forth the nature of any defense with factual specificity. Instead of filing the required affidavit, the Coppedges filed a document titled "Affidavit of Rebuttal to Complaint by Counterclaim and Petition for Sanctions" that failed to conform either to the Superior Court Civil Rules or to the requirements of Section 3901. The Coppedges also filed additional unintelligible documents.

(3) The Bank moved for summary judgment, requesting that the Superior Court strike the Coppedges' answer to the complaint, deem the allegations in the complaint admitted under Section 3901(d), enter judgment in favor of the Bank,

---

[2] Supr. Ct. R. 25(a).

and bar any future frivolous pleadings by the Coppedges. By an order and opinion dated September 15, 2011, the Superior Court, deeming the allegations in the complaint to be admitted under Section 3901(d), granted the Bank's motion for summary judgment. On appeal, this Court affirmed the judgment of the Superior Court.[3]

(4) The Bank proceeded to a sheriff's sale, but the sale was stayed after the Coppedges filed for bankruptcy. After the bankruptcy action was dismissed, the Bank filed an alias writ of *levari facias* on June 10, 2014 to reinitiate the sale process. James Coppedge then filed a document titled "Petition/Motion to Set Aside Judgment of Sheriff's Sale Due to Full Settlement of the Accounting and Stay Proceeding Pending Trial By Jury, Pursuant to FRCP Rule 12(b)6(1)(2), 11(b), 11(c), Title USC 1933, 18 USCA §§ 1961(5), 1962(c), 18 USC 241, 242." The Bank opposed the motion, arguing that the mortgage remained in default and the Coppedges continued to make unintelligible arguments. Based upon its September 2011 decision and in the absence of anything significant provided by the Coppedges since that decision, the Superior Court denied the motion. This appeal followed.

(5) On appeal, the Coppedges assert a variety of confusing claims that can be fairly summarized as follows: (i) they were deprived of a jury trial; (ii) the

---

[3] *Coppedge v. US Bank Nat'l Ass'n*, 2011 WL 6393197 (Del. Dec. 19, 2011).

mortgage debt was discharged by a $465,958.57 money order or personal check; (iii) the Bank did not respond to various affidavits sent by the Coppedges; (iv) an artificial entity cannot sue living persons; (v) the Superior Court lacked personal jurisdiction and subject matter jurisdiction; (vi) the Bank did not provide the original, wet ink note; and (vii) the Bank cannot foreclose on the Property. We review the denial of a motion to set aside a judgment and a motion to stay for abuse of discretion.[4]

(6) The Coppedges have not shown they were entitled to a jury trial after they failed to answer the complaint in compliance with 10 *Del. C.* § 3901, the Superior Court granted the Bank's motion for summary judgment, and this Court affirmed the judgment of the Superior Court. The Coppedges also fail to cite any relevant authority in support of their contentions that: (i) the Bank was required to respond to the various affidavits they sent; (ii) the Bank could not sue living persons; and (iii) the Bank had to produce an original, wet ink note in order to foreclose on the Property. The record reflects that the Superior Court had jurisdiction over the parties and the subject matter of the Bank's claim.

(7) The record also reflects that the mortgage debt remained unsatisfied. The $465,958. 57 money order to be paid from a United States Treasury Account

---

[4] *In re Marta*, 672 A.2d 984, 987 (Del. 1996) (denial of motion to stay reviewed for abuse of discretion); *Battaglia v. Wilmington Sav. Fund Soc'y*, 379 A.2d 1132, 1135 (Del. 1977) (denial of motion to open judgment is within discretion of Superior Court).

funded by an alleged $465,958.57 payment to the Internal Revenue Service and the $465,958.57 personal check with the handwritten notations "Certified," "For E.F.T. Only," and "Not For Deposit" were returned to the Coppedges with a request for payoff by legal U.S. tender. Finally, the record does not support the Coppedges' claim that the Bank was unable to foreclose on the Property. Under these circumstances, the Superior Court did not err in concluding that there was no basis for setting the aside the prior judgment and in denying the motion to set aside the prior judgment and to stay the sheriff's sale.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Henry duPont Ridgely
Justice

5