**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| BARRY LEISTNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 2024-0003-SEM |
| | ) | |
| RED MUD ENTERPRISES LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION TO STRIKE AND GRANTING FEES

WHEREAS, on January 2, 2024, Barry Leistner (the "Plaintiff") brought an action seeking inspection of books and records against Red Mud Enterprises LLC (the "Defendant");[1] as reflected in that final report, and addressed herein, this is the second books-and-records action between these parties;[2]

WHEREAS, this action was tried on a paper record on April 18, 2024 and on May 2, 2024 I issued an oral final report recommending that judgment be entered in favor of the Defendant;[3] in my final report, I found it premature to address fee-shifting until a final fee decision in the first action; I expressed my "hope . . . that the parties, once they have a final decision on fee-shifting in that first action, can

---

[1] Docket Item ("D.I.") 1. This order is limited to the posture and background necessary to address the fee request; interested readers are directed to my final report for additional predicate. D.I. 115.

[2] *See Leistner v. Red Mud Enters, LLC*, C.A. No. 2023-0503-SEM (Del. Ch.) ("First Action").

[3] *See* D.I. 114–15.

1

meet and confer and submit a proposal or competing proposals on how fees should be addressed in this action[;]"[4] I went on to "order that the parties report back with a proposal or competing proposals on fee-shifting within 20 days of a final decision on fee-shifting in the first action[;]"[5] neither side filed exceptions and my final report was adopted by Chancellor McCormick on May 24, 2024;[6]

WHEREAS, on May 28, 2024, I granted the parties' stipulated proposed order on fees in the first action;[7]

WHEREAS, on June 17, 2024, the Plaintiff filed his proposal on fee-shifting in this action;[8] the Defendant attempted to file a motion for fees one day later, on June 18, 2024, but the Defendant's motion was not officially docketed until June 20, 2024;[9] the Plaintiff has moved to strike the Defendant's motion as "untimely;"[10] the Defendant responded in opposition to the motion to strike and moved for an enlargement of time;[11] the motion to strike was fully briefed on June 20, 2024;[12]

---

[4] D.I. 115 at 33:3–7.

[5] *Id.* at 33:7–10.

[6] D.I. 116.

[7] First Action D.I. 114.

[8] D.I. 117.

[9] *See* D.I. 119–120.

[10] D.I. 119.

[11] D.I. 122.

[12] D.I. 123.

WHEREAS, any party wishing to challenge a ruling from a Magistrate, absent a stipulation under 10 *Del. C.* § 350, must do so first through the exceptions process in Court of Chancery Rule 144; under Rule 144(d)(2), notice of exceptions in a summary or expedited proceeding, like this one, must be filed within three business days of the report at issue; under Rule 144(c), "[i]f a notice of exception to a final report is not timely filed, then the parties shall be deemed to have stipulated to the approval and entry of the report as an order of the Court[;]"

WHEREAS, the Delaware Supreme Court found in *Appleby Apartments LP v. Appleby Apartments Associates, L.P.*, that "the language of Rule 144(c) is not self-executing—it requires the court to enter an adopting order before there is a final, appealable order" from a Magistrate, absent a stipulation under 10 *Del. C.* § 350;[13] nevertheless, the Supreme Court has long held that challenges to Magistrate rulings are procedurally barred when not raised timely through the exceptions process under Court of Chancery Rule 144;[14]

WHEREAS, the Defendant argues it is the prevailing party in this action and seeks fee-shifting under Section 13.15 of its LLC agreement (the "Provision"), which provides:

---

[13] 2024 WL 851809, at *2 (Del. Feb. 29, 2024) (citations omitted).

[14] *See, e.g.*, *Chilaka v. Emory Hill & Co.*, 2023 WL 6996280, at *2 (Del. Oct. 23, 2023) (finding that the appellant's claims were procedurally barred for failure to file timely exceptions to the Magistrate's final report); *Sutor-Banks v. Moffett*, 2013 WL 4538570, at *2 (Del. Aug. 22, 2013) (accord); *In re Marta*, 672 A.2d 984, 986 (Del. 1996) (accord).

In the event that any party hereto institutes any legal suit, action or proceeding, including arbitration, against another party in respect of a matter arising out of or relating to this Agreement, the prevailing party in the suit, action or proceeding shall be entitled to receive, in addition to all other damages to which it may be entitled, the costs incurred by such party in conducting the suit, action or proceeding, including reasonable attorneys' fees and court costs[;][15]

WHEREAS, in the First Action, I interpreted the Provision, in pertinent part, as follows: "The Provision is a clear and unequivocal fee shifting provision, which shifts all fees and costs in favor of the prevailing party in litigation 'arising out of or relating to' the LLC agreement[;]"[16]

WHEREAS, I further explained that when a contractual fee shifting provision does not define "prevailing party," the Court must supply the meaning;[17] generally, a prevailing party is the party that "predomina[tes] in the litigation[;]"[18] "to achieve predominance, a litigant should prevail on the case's 'chief issue[;]'"[19]

WHEREAS, the Plaintiff opposes shifting, arguing that (1) the Defendant's production of some of the requested documents during the pendency of this action renders the result a "mixed bag" and ill-suited for prevailing party fee shifting and

---

[15] D.I. 120 at 1.

[16] First Action D.I. 108 at 8.

[17] *Id.* at 3 (citing *Mrs. Fields Brand, Inc. v. Interbake Foods LLC*, 2018 WL 300454, at *2 (Del. Ch. Jan. 5, 2018)).

[18] *Comrie v. Enterasys Networks, Inc.*, 2004 WL 5366650, at *2 (Del. Ch. Apr. 27, 2004).

[19] *Bako Pathology LP v. Bakotic*, 288 A.3d 252, 281 (Del. 2022) (quoting *2009 Caiola Fam. Tr. v. PWA, LLC*, 2015 WL 6007596, at *33 (Del. Ch. Oct. 15, 2015)).

(2) the Defendant did not prevail at various pre-trial stages of this action, further supporting the mixed-bag label;[20]

WHEREAS, the Plaintiff points me to the following case law in support:

- *Comrie v. Enterasys Networks, Inc.*, 2004 WL 936505 (Del. Ch. Apr. 27, 2004). In *Comrie*, Vice Chancellor Lamb addressed a similar prevailing-party fee-shifting provision, which he interpreted as "by its unambiguous terms, contemplat[ing] an all-or-nothing approach to determining the prevailing party."[21] Whether the moving party got all or nothing depending on whether they prevailed on the "main issue in the case."[22] The main issue before the Vice Chancellor was interpretation of the underlying agreement; the moving party prevailed on that issue, with an interpretation in its favor, even though the ultimate damages were a small percentage of the damages requested.
- *West Willow-Bay Court, LLC v. Robino-Bay Court Plaza, LLC*, 2009 WL 458779, at *1 (Del. Ch. Feb. 23, 2009), *aff'd sub nom. Robino-Bay Ct. Plaza, LLC v. W. Willow-Bay Ct. LLC*, 985 A.2d 391 (Del. 2009). In *West Willow-Bay Court*, Vice Chancellor Noble likewise took an all-or-nothing approach to interpreting a prevailing-party provision.[23] Even though the moving party was unsuccessful in securing injunctive relief, it prevailed on the substance of its breach-of-contract claim, rendering it the prevailing party.
- *Great Hill Equity Partners IV, LP v. SIG Growth Equity Fund I, LLLP*, 2020 WL 7861336, at *1 (Del. Ch. Dec. 31, 2020), *aff'd sub nom. Herzog v. Great Hill Equity P'rs IV, LP*, 269 A.3d 983 (Del. 2021). In *Great Hill*, Vice Chancellor Glasscock found that neither side prevailed and equity required no fees be shifted. He explained: "The Plaintiffs brought several claims, and, while they were successful in recovery on some of them, the ultimate damages awarded were minimal. In essence, it can be said that the Plaintiffs prevailed in proving some liability, but the Defendants prevailed in limiting the amount of damages. Given such results, [he could not] find that either party 'prevailed' and should

---

[20] D.I. 117 at 3–7.

[21] 2004 WL 936505, at *2.

[22] *Id.*

[23] 2009 WL 458779, at *8.

be awarded fees as a matter of course under" the provision at issue before him.[24] Such provision directed that when a party "prevails in part, and loses in part," fees should be awarded "on an equitable basis."[25] Looking to the totality of the circumstances, he concluded: "An award of fees may be seen as a penalty for the party from which the fees must be paid. . . . [I]t would be inequitable to impose such a penalty, given the efforts of counsel on both sides and the results achieved."[26]

WHEREAS, the Defendant argues that the limited production was in response to the Chancellor's assignment letter and the Defendant, nevertheless, prevailed on the chief issue after trial; it seeks an order shifting the total fees and expenses incurred of $488,230.23;[27]

**IT IS HEREBY ORDERED**, this 12th day of July 2024, as follows:

1.     The motion to strike is DENIED.  The fee submissions in this action were triggered from "a final decision" in the first action.[28] Under the Delaware Supreme Court's interpretation of Rule 144, my fee order is not currently final for appellate review, because it has not been formally adopted by a constitutional judge of this Court. My ruling was, however, functionally "final" as of June 3, 2024, the first business day after the three-day exceptions period expired under Court of

---

[24] 2020 WL 7861336, at *6.

[25] *Id.* at *7.

[26] *Id.*

[27] In support, the Defendant attached an affidavit, with supporting invoices, consistent with Court of Chancery Rule 88. D.I. 120.

[28] D.I. 115 at 33:7–10.

6

Chancery Rule 144(d)(2). As of that date, the parties were deemed to have waived any challenges thereto and the order, in all material respects, was "final," even if not immediately appealable. Thus, the parties had until June 24, 2024 (20 days later) to file their fee proposals; the Defendant's motion was timely filed, there is no basis on which it should be stricken, and the cross-motion for an extension is moot.

2. Turning to the request for fee-shifting, I find the parties have joined issue sufficiently through the Plaintiff's fee proposal and the Defendant's motion for fees for me to rule on whether fees should be shifted, without further briefing. I find the Defendant is the prevailing party under the Provision and fees should be shifted in the Defendant's favor.

3. The Provision sets forth all-or-nothing shifting. Like *Comrie* and *West Willow-Bay Court*, the Provision reflects, by its unambiguous terms, an agreement that all fees and expenses be shifted to the party which prevails in the entire action. Here, the Defendant prevailed on the chief issue pending before me.

4. The Plaintiff's arguments against such a finding are unpersuasive. True, I denied the Defendant's pre-trial motions seeking to stall or forestall a trial in this action. But after trial, the Defendant unequivocally and unquestionably "won." With an all-or-nothing shifting provision, it is only that ultimate result that matters. And that result predominates over any minimal production provided in advance. I further reject the Plaintiff's appeal to equity, relying on *Great Hill*. *Great Hill* involved a

contractual fee-shifting provision which directed an equitable analysis if there was a mixed-bag result.[29] Here, the Provision sets up an all-or-nothing shifting scheme in favor of the party who predominates in the litigation and prevails on the chief issue. That party is the Defendant and fees should be shifted in the Defendant's favor.

5.  That leaves the amount of fees and expenses that should be shifted. The Defendant has submitted a Rule 88 affidavit with supporting invoices. Choosing the motion to strike route, the Plaintiff has not responded directly to that affidavit to contest the reasonableness of the requested fees and expenses reflected therein. To close this loop and provide the Plaintiff a final opportunity to be heard, the following process shall govern:

a.  Within five business days of this Order, the Plaintiff shall identify, with specificity, any objections to the reasonableness of the fees and expenses requested and the basis for the objection(s).

b.  The parties shall thereafter meet and confer in good faith to resolve any objections. As soon as practicable following good faith efforts to resolve any objections, the parties shall either submit a proposed form of order or a joint

---

[29] The Plaintiff also invokes the mixed-bag verbiage from my discovery ruling. *See* D.I. 117 at 11. But that ruling was premised on Court of Chancery Rule 37(a)(4)(C), which sets forth a different standard for determining appropriate shifting; it is far from the all-or-nothing approach in the Provision.

report identifying the disputes that remain. For any remaining disputes, the Plaintiff shall supply its corresponding billing statements or invoices, which shall be attached to the joint submission, and will be reviewed for comparison purposes.[30]

6. I expect the parties to work cooperatively throughout this process and will promptly address any remaining disputes through a final order shifting fees.

7. This is a final report under Court of Chancery Rule 143 and exceptions under Rule 144(d)(2) are stayed until my final order shifting fees.

**IT IS SO ORDERED.**

/s/ Selena E. Molina
Magistrate Selena E. Molina

---

[30] *See Edgewater Growth Cap. P'rs LP v. H.I.G. Cap., Inc.*, 68 A.3d 197, 242 (Del. Ch. 2013) (adopting a similar procedure).